Elsie ARSENEAU, Appellant,

v.

The TARRANT COUNTY HOSPITAL DISTRICT, Appellee.

No. 16769.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 28, 1966.

Rehearing Denied Dec. 9, 1966.

Bryan & Amidei, and Maurice Amidei, Fort Worth, for appellant.

Fred Fick, Fort Worth, for appellee.

OPINION

RENFRO, Justice.

Based upon the pleadings and the stipulations of the parties, the trial court determined that plaintiff could not recover damages from The Tarrant County Hospital District for personal injuries sustained by her by reason of alleged negligence of the defendant.

Plaintiff alleged that while employed by defendant as a LVN nurse she, while performing her regular duties at Elmwood Sanitarium, sat down in a chair at the charting desk. A leg of the chair collapsed causing plaintiff to fall. She sustained painful and substantial personal injuries. Numerous acts of negligence were charged against the defendant.

In a single point of error plaintiff contends the court erred in holding the defendant was engaged in a governmental function rather than a proprietary function and therefore immune to tort liability to its employee.

She is supported by Hernandez v. County of Yuma, 91 Ariz. 35, 369 P.2d 271 (1962); Muskopf v. Corning Hospital District, 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457 (1961); Myers v. Genesee County Auditor, 375 Mich. 1, 133 N.W.2d 190 (1965). The above cited cases represent the minority rule.

As a general rule a hospital operated by a governmental unit which accepts charity patients is held to be operated in the performance of a governmental function, even though charges to cover the cost of maintenance are exacted from patients who are able to pay. 25 A.L.R.2d 207, 210–211, §§ 2 and 3, and cases cited.

The Tarrant County Hospital District was created under the provisions of Article 4494n, Vernon's Ann.Texas Rev.Civ.St., and Article 9, § 4 of the Constitution of the State of Texas. It was created as, and is, a lawfully constituted county-wide Hospital District in Tarrant County, and owns and operates a public hospital system for the purpose of furnishing medical aid and hospital care to indigent and needy persons residing in the Hospital District. Elmwood Sanitarium is owned and operated by the Hospital District.

It was stipulated by the parties that the District's boundaries are co-extensive with the boundaries of Tarrant County and that indigent patients make up a total of 92 per cent of all patients accepted.

In opinions adopted by the Supreme Court, the Commission of Appeals has held that cities are exercising a governmental function when they establish, maintain and operate hospitals for the benefit of the public, to take care of the sick and afflicted, and not for the purpose of profit or revenue to the City, and are not liable for torts. Gartman v. City of McAllen, 130 Tex. 237, 107 S.W.2d 879 (1937); City of Dallas v. Smith, 130 Tex. 225, 107 S.W. 2d 872 (1937).

It is settled law in Texas that sanitation for the public health of a city is a governmental function, and that, when a city is exercising such power, it is not liable for injuries inflicted through the negligence of its officers and employees. City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W. 2d 965 (1932).

Navigation districts, irrigation districts and levee improvement districts, created under the constitutional provisions and statutory enactments in pursuance thereof, are political subdivisions of the state, performing governmental functions, and stand upon the same footing as counties, precincts, and other political subdivisions established by law, and are not liable in actions sounding in tort. Smith v. Harris County-Houston Ship Channel Nav. Dist., 330 S.W.2d 672 (Tex.Civ.App., 1959, no writ hist.); Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth, 142 Tex. 320, 177 S.W.2d 936 (1944); Hodge v. Lower Colorado River Authority, 163 S.W. 2d 855 (Tex.Civ.App., 1942, dism.); Jones v. Jefferson County Drainage Dist. No. 6, 139 S.W.2d 861 (Tex.Civ.App., 1940, ref.); Peters v. Matagorda County Drainage Dist. No. 1, 146 S.W.2d 779 (Tex.Civ.App., 1940, ref.); Karling v. Lower Colorado River Authority, 303 S.W.2d 495 (Tex.Civ.App., 1957, ref., n. r. e.); Bexar Metropolitan Water District v. Kuntscher, 274 S.W.2d 121 (Tex.Civ.App., 1954, no writ hist.); Bennett v. Brown County Water Imp. Dist. No. 1, 153 Tex. 599, 272 S.W.2d 498 (1954).

Since the law is settled that cities in operating hospitals for the public welfare are performing a governmental function and are immune to tort actions, that sanitation for public health is a governmental function immune to tort actions, and navigation and kindred districts perform governmental functions and are immune to tort actions, surely a County Hospital District, created under Constitutional and statutory authority for the purpose of furnishing medical aid and hospital care to indigent and needy persons residing in the Hospital District, is performing a governmental function and is not liable in tort actions.

It is conceded the defendant District was created under the Constitutional and statutory provisions heretofore mentioned and carries out the purpose of its creation.

We hold that in operating Elmwood Sanitarium The Tarrant County Hospital District was performing a governmental function and was immune to plaintiff's negligence suit.

Judgment affirmed.