Mrs. Tom L. RITCH et al., Appellants,

v.

The TARRANT COUNTY HOSPITAL DISTRICT, Appellee.

No. 17280.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 11, 1972.

Rehearing Denied March 3, 1972.

Curtis, Crowder & Mattox, and A. Don Crowder, Dallas, for appellants.

Frank Coffey, Dist. Atty., Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is from a summary judgment rendered in behalf of the defendant, Tarrant County Hospital District, upon an action brought by Mrs. Ritch and her children under the Texas Wrongful Death Act, Vernon's Ann.Tex.Civ.St., Title 77, "Injuries Resulting in Death", Art. 4671 et seq.

Although plaintiffs' decedent was a "paying patient", i.e., one with whom the defendant had contracted, upon compensation, for his hospital care as of the time of his alleged negligently inflicted injuries, resulting in death, we are of the opinion that the present state of the doctrine of governmental immunity in Texas inhibits any recovery.

In passing we will mention that there is some possibility that the summary judgment was rendered upon the theory of the charitable immunity of the Hospital District in its conduct of hospital services. There would be no charitable immunity which would defeat plaintiffs' claim, the doctrine having been completely abolished in Texas (as applied to claims arising after March 9, 1966) by our Supreme Court. Howle v. Camp Amon Carter, 470 S.W.2d 629 (Tex.Sup., 1971).

We proceed to the question of the Hospital District's governmental immunity.

There is no question but that such governmental immunity exists as applied to the District's ordinary operation of its hospital, or in the usual conduct of hospital services. This court specifically so held in Arseneau v. Tarrant County Hospital District, 408 S.W.2d 802 (Fort Worth, Tex. Civ.App., 1966, ref., n.r.e.). Plaintiff Arseneau was an employee of the District who was injured while on duty at the hospital.

In *Arseneau,* however, there was no occasion to specifically consider whether an exception to the rule of law decided might exist in the event of negligent injury to a "paying patient", i.e., one who chose the services of the District's hospital rather than another convenient hospital where he would have the right, as a "paying patient", to maintain a cause of action in tort in the event he sustained injury as the result of hospital negligence. We make this the subject of our discussion.

Were the author of this opinion free to do so, he would hold substantially as did the Supreme Court of Florida in Suwannee County Hospital Corp. v. Golden, 56 So.2d 911 (Fla.Sup., 1952), and say that, ". . . as to those who are paying patients . . . the hospital is operated in a proprietary capacity, and they may not be divested of constitutional rights by the attempted statutory immunization. As to persons of that

classification, the hospital is the same as if it were privately maintained, its duty to the patient is the same, and it should be equally responsible for its torts."

Reference is made to 101 A.L.R. 1166, Annotation: "Liability of county for torts in connection with activities which pertain, or are claimed to pertain, to private or proprietary functions." Supplement thereto is contained in 16 A.L.R.2d 1079. Under such supplement, at page 1081, is stated: "The Texas courts adhere to the rule that a county cannot be found liable for injuries caused by the negligence of its agents or employees, in the absence of liability created by statute, without regard to the question as to whether the county acts in a governmental or proprietary capacity." (Citing cases.) An example of such a statute is our Texas Tort Claims Act, V.A.T.S., Art. 6252–19, "Tort claims", without application to the instant case.

In Texas the general governmental immunity from liability (except for municipalities) is referable not only to the character of the function performed, but also to the character of the corporation itself, and the purposes for which it was created. Hodge v. Lower Colorado River Authority, 163 S.W.2d 855 (Austin, Tex.Civ.App., 1942, writ dism., agreement), and authorities cited.

The Tarrant County Hospital District was created under the provisions of Article 4494n, V.A.T.S., and Article 9, Sec. 4, of the Constitution of the State of Texas, Vernon's Ann.St. It was created as, and is, a lawfully constituted county-wide Hospital District in Tarrant County, and owns and operates a public hospital system for the purpose of furnishing medical aid and hospital care to indigent and needy persons residing in the Hospital District. Obvious therefore is the character of the corporation and the purposes for which it was created. Under current law, its governmental immunity is referable thereto and exists in consequence despite the fact

that, as applied to the plaintiffs' decedent, it functioned and operated in a purely proprietary capacity.

Plaintiffs may not obtain redress of their grievance, if any they have, because of this governmental immunity.

Judgment is affirmed.