

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 1, 1975

The Honorable George N. Rodriguez, Jr.        Opinion No. H- 703
County Attorney
El Paso County                                Re:  Liability of a hospital district
Room 201, City-County Building                for the costs of medical care of
El Paso, Texas 79901                          indigent prisoners.

Dear Mr. Rodriguez:

      You have requested our opinion concerning the circumstances under which a hospital district would be liable for the costs of medical care of indigent prisoners. You note that "the issue is not whether prisoners shall receive medical-hospital care," for the Federal Constitution requires prisoners to be given necessary medical care. Neuman v. Alabama, 503 F. 2d 1320 (5th Cir. 1974), cert. den. 43 U.S. L. W. 3584 (4-29-75); Fitzke v. Shappell, 468 F. 2d 1072 (6th Cir. 1972); Tolbert v. Eyman, 434 F. 2d 625 (9th Cir. 1970); United States ex rel. Ingram v. Montgomery County Prisoner Board, 369 F. Supp. 873 (E.D. Pa. 1974). Your question is which political subdivision, if any, is liable for the costs of such medical care.

      The El Paso County Hospital District was created under article 4494n, V. T. C. S., pursuant to authority granted in article 9, section 4 of the Texas Constitution. Both article 9, section 4 and article 9, section 9 provide that hospital districts:

> shall assume full responsibility for providing medical
> and hospital care [to] needy inhabitants [of the district].

"Inhabitant" has been held to signify a person who occupies:

> something more or less permanent, an abode amino
> manendi, a place where a person lives or has his
> home, to which, when absent, he intends to return,
> and from which he has no present purpose to depart.
> Struble v. Struble, 177 S. W. 2d 279, at 283 (Tex.
> Civ. App. -- Amarillo 1943, no writ).

      We have discovered no Texas case offering a definition of "needy;" however, it is generally accepted to mean "indigent, necessitous, very poor." Black's Law Dictionary, 4th Ed. ; Ballentine's Law Dictionary, 3rd Ed. ; Moore v. State Social Security Commission, 122 S. W. 2d 391 (Mo. App. 1938); see also Nichols v. State Social Security Commission of Missouri, 164 S. W. 2d 278 (Mo. 1942); Moses v. Olson, 255 N. W. 617 (Minn. 1934); Juneau County v. Wood County, 85 N. W. 387 (Wis. 1901). We believe the word "needy" as contained in article 9, sections 4 and 9, should be given its normal meaning, indigent. In our view a

translation of indigency into precise income levels involves factual matters.

Under article 9, sections 4 and 9, we believe that in the first instance a hospital district should reasonably determine this figure. Where a reasonable standard of indigency is in use by a hospital district, that same standard would be applicable to article 9, sections 4 and 9. Otherwise the district would be classifying similarly situated persons differently, and in the absence of a rational basis would be in violation of the equal protection clause of the 14th amendment.

Thus, the hospital district is constitutionally responsible for the care of indigent prisoners who are residents of the district. See Attorney General Opinion M-870 (1971); Ritch v. Tarrant County Hospital District, 476 S. W. 2d 950 (Tex. Civ. App. --Fort Worth 1972), affirmed 480 S. W. 2d 622 (Tex. Sup. 1974); Arseneau v. Tarrant County Hospital District, 408 S. W. 2d 802 (Tex. Civ. App. --Fort Worth 1966, writ ref'd n. r. e. ). Where the prisoner is an indigent resident of another hospital district, in our opinion the district of which he is a resident is constitutionally responsible for his care and is liable therefor. Attorney General Opinion M-870 (1971). If the prisoner is a resident of a county not within a hospital district, that county is liable for his care in the circumstances set out in section 5 of article 4494n, which provides in part:

> The Board of Managers, with the approval of the Commissioners Court shall be authorized to contract with any county for care and treatment of such county's sick, diseased and injured persons. . . .
> If care or treatment is given to a resident of a county outside the Hospital District which has not contracted with the Board of Managers for such services, and said non-resident is wholly without financial means except such as are derived from charity, that County shall, upon presentation of a certified statement that care or treatment was necessary for the preservation of human life and was actually performed, be obligated to reimburse the Hospital District in an amount not to exceed the actual cost of the service rendered.

Where the treatment of a prisoner does not fall within this provision, and no hospital district is responsible for his care, we believe the county of incarceration is liable for such care under articles 1037 and 1040, T. C. C. P. Article 1037 provides:

> Each county shall be liable for all expense incurred on account of the safe keeping of prisoners confined in jail or kept under guard, except prisoners brought from another county for safe keeping, or on habeas corpus or change of venue; in which cases, the county from which the prisoner is brought shall be liable for the expense of his safe keeping.

Article 1040 provides in part:

> For the safe keeping, support and maintenance of prisoners confined in jail or under guard, the sheriff shall be allowed the following charges:
>
> . . .
>
> For necessary medical bill and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the commissioners court of the county where the prisoner is confined may determine to be just and proper.

In Attorney General Opinion M-870 (1971) it was noted that article 9, section 9 provides that:

> after[ a hospital district's] creation no other municipality or political subdivision shall have the power to levy taxes. . . for hospital purposes or for providing medical care within the boundaries of the district. . . ,

Article 9, section 4 provides in part:

> counties and cities [within a hospital district] shall not levy any other tax for hospital purposes. . . .

Thus it was stated in M-870 that:

> the provisions of Articles 1037 and 1040.. ... . must yield to the express broad language of Section 9 of article 9 . . . .

M-870 dealt with a prisoner who was an inhabitant of a hospital district which was therefore constitutionally responsible for his care. So limited we believe the resolution of that opinion to be correct. But see Attorney General Opinion H-454 (1974). However, we do not believe that article 9, sections 4 and 9 were intended to require a hospital district to be responsible for the care of prisoners who are not needy inhabitants of the district. This would be beyond the constitutional responsibility of the district. In Attorney General Letter Advisory No. 97 (1975).we dealt with a similar restriction on the use of state funds and stated:

> we believe sections 4 and 9 were not intended to prevent exchanges of consideration between state agencies and hospital districts where a district contracts to provide

services to the State which it is otherwise under no
duty to provide.

In our view this statement is also applicable to a situation where a hospital
district provides services to a county which it is under no constitutional ob-
ligation to provide. The restrictions on a county's taxing power contained in
sections 4 and 9 should in our opinion be construed as complementary to the pro-
visions establishing the constitutional responsibilities of hospital districts, and
should not be interpreted as denying the county the authority to satisfy its ob-
ligations to prisoners under articles 1037 and 1040 as well as under the Federal Con-
stitution. However, we believe the county of incarceration is liable only when no
other political subdivision is statutorily or constitutionally responsible for the
prisoner's care.

## SUMMARY

A hospital district is liable for the medical care of
its needy inhabitants, that is, its indigent residents.
The district must either provide such care to prisoners
within this class or must recompense the parties who do
provide such care.

Where a prisoner is not a resident of a hospital dis-
trict, and section 5 of article 4494n, V. T. C. S., is in-
applicable, the county of incarceration is liable for his
medical care under articles 1037 and 1040, T. C. C. P.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: