Edward **BRYANT** et ux., Appellants,

v.

**MISSION MUNICIPAL HOSPITAL,**
Appellee.

**No. 1411.**

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 18, 1978.

Oscar Alvarez, Weslaco, for appellants.

Kirk L. James, H. Hollis Rankin, Jr., Rankin & Kern, Inc., McAllen, for appellee.

## OPINION

BISSETT, Justice.

The issue presented by this appeal is whether a municipal hospital's suit to collect upon a debt owed by a paying patient is subject to the defense of limitations. We hold that it is not.

Edward Bryant, hereinafter referred to as the defendant, was admitted to Mission Municipal Hospital, a Division of the City of Mission, hereinafter referred to as the hospital, on December 19, 1973, and treated there until January 9, 1974, during which time he incurred a debt for certain medical goods and services furnished him. Subsequently, the defendant became in arrears in his payments and the hospital brought an action on a sworn account to recover the outstanding amount. Suit, however, was not filed by the hospital until March 1, 1976. The defendant pled, among other defenses, the two-year statute of limitations.

Trial was to a jury, which answered all issues in favor of the hospital. The defendant moved the court to disregard certain jury findings, and to render a take nothing judgment against the hospital on the ground that the hospital's suit was barred by Tex.Rev.Civ.Stat.Ann. 5526(5). The court overruled the defendant's motion and rendered judgment for the hospital in the amount of $425.70 plus interest and attorney's fees. The defendant, in two points of error, asserts that the hospital's suit was barred by the two-year statute of limitations.

■ The trial court's action in overruling the defendant's motion to disregard the jury findings was apparently based on Tex. Rev.Civ.Stat.Ann. 5517, which provides that "the right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title, . . . ." Since June 8, 1953, the effective date of the last amendment to article 5517, limitations do not run against an incorporated city. *City of Port Arthur v. Tillman*, 398 S.W.2d 750 (Tex.Sup.1965). Both article 5517 and 5526(5) are part of Title 91, which is expressly referred to in article 5517.

In this case, the plaintiff is a municipal hospital and is designated as a division of the City of Mission, an incorporated city. It is owned and operated by the City of Mission through an appointed board of directors and hospital administrator, who are ultimately accountable to the City Council of Mission. Although the hospital stands on its own feet financially, the City of Mission stands ready to serve a supportive function when needed. The money collected in suits of this kind will replenish the general operating fund of the hospital.

■ It is well settled in Texas that operation and maintenance of a public hospital by a municipality is a governmental function. *City of Dallas v. Smith*, 130 Tex. 225, 107 S.W.2d 872 (Tex.Comm'n.App.1937, opinion adopted). In this case, however, the defendant argues that the charging for services rendered by a municipal hospital to a paying patient renders such charging proprietary in nature. He relies on certain language contained in *Ritch v. Tarrant County Hospital District*, 476 S.W.2d 950 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.). We do not agree. In *Ritch*, suit was brought against a hospital for the wrongful death of a paying patient. The Court of Civil Appeals affirmed the trial court's granting of a summary judgment for the defendant on the grounds of governmental immunity. In its opinion, the Court of Civil Appeals voiced its own inclination to hold, were it free to do so, that the hospital would be liable for torts committed against a paying patient on the grounds that, as to such a patient, the hospital is operated in a proprietary capacity. Nevertheless, that Court was compelled by settled law in this State to declare the hospital immune from tort liability, even as to a paying patient. In a per curiam opinion, the Supreme Court refused a writ of error to the Court of Civil Appeals with the notation "no reversible error."

By refusing the writ, "no reversible error," the Supreme Court, affirmed the judgment of the Court of Civil Appeals; it did not necessarily agree with the Court of Civil Appeals' characterization of the hospital's activities as being proprietary in nature. Rule 483, T.R.C.P. Moreover, *Ritch* was a tort action where the issue was governmental immunity; here, the action is on sworn account and the issue is limitations.

We do not believe that the "paying" status of the defendant in the case at bar has any bearing on whether the hospital was operating in either a governmental or a proprietary capacity. Whether the function performed by a municipally owned hospital is governmental or proprietary should not depend on the paying or non-paying status of a patient. *District of Columbia v. Weiss*, 263 A.2d 638 (D.C.Ct.App.1970).

■ The sources which generated and sanctioned the hospital constituted it a division of the City of Mission performing governmental functions. *City of Dallas v. Smith*, supra. It is, in other words, an arm of the city created to administer the enumerated governmental functions delegated to it. Because incorporated cities are expressly exempt from the defense of limitations, and the hospital in the case at bar is an arm of the city created to perform a governmental function, it seems to us that suits brought by the hospital should likewise be exempt from the defense of limitations. *See Lewis Cox & Son, Inc. v. High Plains Underground Water Conservation District No. 1*, 538 S.W.2d 659 (Tex.Civ.App. —Amarillo 1976, writ ref'd n. r. e.).

It is established by the record that the operation and maintenance of the Mission Municipal Hospital is in the interest of the general public, and is not operated and maintained primarily for the benefit of the residents of the City of Mission. The "charging" and "billing" by the hospital for services furnished its "paying" patients does not change its operation from a governmental function to a proprietary function. The claim sued on is not barred by the two-year statute of limitations. Both of defendant's points are overruled.

The judgment of the trial court is AFFIRMED.