**Jack WALLER, Appellant,**

v.

**Jose SANCHEZ, City of Brownsville, and Cameron County, Texas, et al, Appellees.**

**No. 1805.**

Court of Civil Appeals of Texas, Corpus Christi.

May 28, 1981.

Charles Willette, Jr., Willette & Weisfeld, Brownsville, for appellant.

Javier Cavazos, Texas Rural Legal Aid, Inc., Kip Hodge, Selden N. Snedeker, Brownsville, for appellees.

## OPINION

YOUNG, Justice.

In this appeal from a judgment granting declaratory and injunctive relief ordering appellant, Jack Waller, to comply with certain subdivision platting and development ordinances, the only issue is whether the defense of laches can be asserted against a governmental entity seeking the enforcement of its statutes or ordinances. This suit was brought against Waller by Jose R. Sanchez and other land purchasers, City of Brownsville and County of Cameron. Waller appeals. We affirm.

A review of the pertinent facts of this appeal reflects the following. Appellant, Jack Waller, purchased 100 acres of land in Cameron County, Texas, in 1962 for approximately $300.00 per acre. Approximately 25 acres of this tract were developed as a subdivision by the appellant by dividing the 25-acre tract into 140–150 parcels. This subdivision, known as La Coma, was located within the extra-territorial jurisdiction of the City of Brownsville, Texas. The ordinances of the city required that: 1) the proposed subdivision plats be submitted to the Brownsville Planning & Zoning Commission for approval; 2) certain minimum subdivision requirements providing for streets, surveys, utilities, and sewage be complied with; 3) a certificate of ownership setting out dedication of all streets, easements, alleys, parks, and playgrounds to public use be submitted to the City; and 4)

a performance bond be purchased to insure the proper construction of all improvements.

In 1966 appellant began selling parcels of land within La Coma subdivision to various buyers, one of which was appellee Jose Sanchez. Appellant asserts that he only intended to sell the parcels as raw agricultural land, but many of the buyers were under the belief that a subdivision complete with water, drainage, sewer, paved roads, and dedicated parks and easements would be provided. Each deed specifically included reservations as to rights of way for streets and utility purposes. By not providing these improvements, the appellees, City of Brownsville, Cameron County, and Mr. Sanchez, contend that appellant violated certain statutes and ordinances of the State, County, and City.

In a suit filed May 14, 1979, some thirteen years after the parcels were sold, appellees sought injunctive relief ordering the appellant to comply with the ordinances and declaratory relief that the appellant be found in violation of these regulations. The trial court, sitting without a jury, in its findings of fact and conclusions of law found a violation of these ordinances and ordered the appellant to prepare and submit a plat of La Coma subdivision to the Zoning Commission and to file the plat with the County Clerk of Cameron County. The trial court also found that the appellant had made a $40,000.00 profit from the sale of the parcels and ordered that sum of money to be applied towards installing paving, curbs, and gutters in and for La Coma. From this judgment, appellant brings this appeal.

Appellant brings only one point of error: "The trial court erred by holding that the Plaintiffs' cause of action was not barred by laches." In support of this point of error, appellant contends that the trial court's amended findings of fact set out the elements of the defense of laches. The trial court specifically found the following:

"23. No one from the city, county or the individual plaintiffs ever contacted

Defendant, Jack Waller, prior to the filing of this suit, to indicate a violation of any ordinance or laws had occurred.

24. The City of Brownsville and the County of Cameron delayed in bringing suit to enforce its ordinances and laws for thirteen (13) years.

25. The thirteen (13) year delay was unreasonable.

26. The Defendant, Jack Waller, relied upon this thirteen (13) year delay in good faith that he was not violating any city or county ordinances or laws.

27. The Defendant, Jack Waller, relied upon the delay to his detriment in that the cost of providing said improvements today has risen drastically since 1966."

The conclusions of law, however, as determined by the trial court, specifically declare that the action was not barred by laches.

 The defense of laches is an equitable doctrine designed to promote the prompt adjudication of disputed issues. By encouraging parties to promptly pursue the assertion of demands and the prosecution of remedies, equity permits the raising of this defense to bar the assertion of equitable rights by dilatory parties. 35 Tex.Jur.2d Laches and Stale Demands § 2 (1962).

 As a matter of public policy, however, this defense cannot be asserted against the state or governmental bodies to bar the enforcement of statutes and ordinances:

"Although an exception has been engrafted where the state engages in proprietary functions, the uniform rule is that the state and its essential instrumentalities are immune from the defenses of limitation, laches, and estoppel, unless limitation is permitted to run by statute." (citations omitted) *Lewis Cox & Son v. High Plains Underground Water*, 538 S.W.2d 659, 662 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.).

The courts of this State have uniformly held that laches is not imputable to a governmental entity while the entity is performing a governmental function. *City of* *Fort Worth v. Johnson*, 388 S.W.2d 400 (Tex.Sup.1964); *City of San Antonio v. Pigeonhole Parking of Texas*, 158 Tex. 318, 311 S.W.2d 218 (1958); *Hill Farm, Inc. v. Hill County*, 425 S.W.2d 414 (Tex.Civ.App.—Waco 1968), aff'd, Tex., 436 S.W.2d 320; *Westworth Village v. Mitchell*, 414 S.W.2d 59 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n. r. e.); *City and County of Dallas Levee Imp. Dist. v. Carroll*, 263 S.W.2d 307 (Tex.Civ.App.—Dallas 1953, writ ref'd n. r. e.); *Lancaster v. Gray County*, 127 S.W.2d 385 (Tex.Civ.App.—El Paso 1939, no writ). Similarly, statutes of limitations do not run against the State or its units of government. Tex.Rev.Civ.Stat.Ann., art. 5517 (1953); *Bryant v. Mission Municipal Hospital*, 575 S.W.2d 136 (Tex.Civ.App.—Corpus Christi 1978, no writ).

The rationale behind the inapplicability of this doctrine is to allow governmental entities to enforce its laws, statutes, and ordinances to protect the general public. Certain violations of statutes may not come to light until sometime after the violative act has occurred. By permitting the government to prosecute violators of these statutes at any time, the welfare of the citizenry of the State is more nearly assured.

 The City of Brownsville and Cameron County, in the instant case, were exercising governmental functions, as compared to proprietary functions, at the time they sought enforcement of the State, County, and City ordinances and statutes. The filing of the suit to protect the purchasers of parcels in La Coma subdivision was not barred by the defense of laches, for laches was not imputable to those governmental agencies. See *Lewis Cox & Son v. High Plains Underground Water*, supra. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.