NUMBER
13-10-00477-CV

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                      

 

JOEL MOLANO,                                                         Appellant,

 

v.

 

THE STATE OF TEXAS,                                                      
     Appellee.

                                                                      

 

On appeal from the 92nd District Court 

of Hidalgo County, Texas.

                                                                  

 

MEMORANDUM OPINION

 

 Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

Appellant, Joel Molano, argues that
the trial court erred when it granted the State’s motion for summary judgment and
dismissed his bill of review.  We affirm.




I. Background

            The State, acting through the Consumer
Protection and Public Health Division of the Attorney General of Texas,
originally sued Molano in May 2006 for the unauthorized practice of law and
violations of the Texas Deceptive Trade Practices Act (the “DTPA”).  See
Tex. Gov’t Code Ann. § 406.016(d)
(West 2005); Tex. Bus. & Com. Code
Ann. § 17.47 (West 2011).  Following a bench trial, the trial court
issued the following findings of fact:

1. 
     On or after January 1, 2005, to May 4, 2006, [Molano] engaged in the
business of giving advice or rendering a service requiring the use of legal
skill and knowledge in:

 

a.
       interviewing persons and advising them as to whether or not to file a
petition or application for divorce under state law or for immigration benefits
under federal law;

 

b.
       drafting and preparing pleadings or documents for others in judicial or
administrative proceedings relating to divorce actions or immigration to the
United States;

 

c.
       drafting and preparing wills, contracts, agreements, powers of attorney,
and affidavits for others;

 

d.
       selecting and completing legal forms or instruments for others in
divorce actions and proceedings relating to immigration to the United States;
and/or

 

e.
       preparing legal instruments affecting title to real property, such as
deeds and deeds of trust.

 

2.  
   In the conduct of business, [Molano] advertised, offered for sale, and/or
sold his services to consumers of this State.  At least 200 persons acquired by
purchase defendant’s services, and the sale transaction with each person
constitutes an unlawful act or practice and a separate violation of the Texas
Deceptive Trade Practices – Consumer Protection Act . . . .

 

3.
       On or after January 1, 2005, to May 4, 2006, defendant solicited,
charged, and received compensation, totaling $10,000.00, from consumers for
giving advice and for rendering the services enumerated in paragraph 1 above.

 

The trial court signed a final
judgment ordering permanent injunctive relief and ordered Molano to pay $10,000
as restitution, $10,000 in penalties, and $15,000 in attorney’s fees.  Molano
filed an appeal following the trial court’s decision, and this Court affirmed
the trial court’s judgment.  See Molano v. State, 262 S.W.3d 554 (Tex.
App.—Corpus Christi 2008, no pet.).  

            Molano subsequently filed a bill of review with
the trial court.  In his bill of review, Molano claimed that he discovered the
State had begun to investigate his business possibly in May of 2003, and
definitely by November of 2003.  He learned this information through an audio
recording and dated documents that the State allegedly failed to disclose
during the previous pendency of the lawsuit.  Because the State did not file
its lawsuit against him until May 2006, Molano claimed he had a valid DTPA statute
of limitations defense.  See Tex.
Bus. & Com. Code Ann. § 17.565 (West 2011) (“All actions brought
under this subchapter must be commenced within two years after the date on
which the false, misleading, or deceptive act or practice occurred or within two
years after the consumer discovered or in the exercise of reasonable diligence
should have discovered the occurrence of the false, misleading, or deceptive
act or practice.”).  




Specifically, Molano contended the
following:

In answer to a
request for disclosure, the State failed to disclose a November 19, 2003 audio
recording, containing “discoverable witness statements,” that proves that the
State knew or should have known “that [Molano] was preparing legal documents in
the areas of divorce, immigration, real estate deeds, and contracts” on that
date.

 

Molano argued that by failing to
take immediate action against him, the State “caused him, in good faith, to
believe [his] legal document preparation service was lawful while also being a
notary public, for a period of two-and-a-half years.”  He asserted that the
State should have filed its lawsuit by November of 2005, at the latest, to be
in compliance with section 17.565 of the DTPA.

In response to Molano’s bill of
review, the State filed a motion for summary judgment arguing that a statute of
limitations defense could not be asserted because the State filed its lawsuit
as a law enforcement action under section 17.47 of the DTPA, not as a consumer
under section 17.50.  See Tex.
Bus. & Com. Code Ann. §§ 17.47, 17.50 (West 2011).  The State argued
that defenses such as statute of limitations do not apply when the State files
suit in its sovereign capacity.  The trial court agreed with the State’s
contention, granted the motion for summary judgment, and dismissed Molano’s
bill of review.  Molano then filed this appeal. 

II.  Standard of Review and Applicable Law

We review the granting of a
traditional motion for summary judgment de novo.[1]
 Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289
S.W.3d 844, 848 (Tex. 2009); see Branton v. Wood, 100 S.W.3d 645, 646
(Tex. App.—Corpus Christi 2003, no pet.).  In reviewing the summary judgment
evidence, we assume that the nonmovant’s evidence is true, indulge every
reasonable inference in favor of the nonmovant, and resolve all doubts about
the existence of a genuine issue of material fact in favor of the nonmovant.  M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000)
(per curiam).  To successfully prevail at the trial level, a movant must carry
its burden of showing that there is no genuine issue of material fact and that judgment
should be granted as a matter of law.  See Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  

A bill of review is an equitable
proceeding brought by a party seeking to set aside a prior judgment that is no
longer subject to challenge by a motion for new trial or appeal.  Caldwell
v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004).  To be entitled to a bill of
review, plaintiffs must plead and prove the following elements:  (1) a
meritorious defense to the underlying cause of action, (2) which the plaintiffs
were prevented from making by the fraud, accident or wrongful act of the
opposing party or official mistake that was (3) unmixed with any fault or
negligence on their own part.  Id.  However, a party who failed
to appeal the judgment of which the party had notice, or a party who timely but
unsuccessfully appealed the judgment, may not use a bill of review as an
additional remedy.  Rizk v. Mayad, 603 S.W.2d 773, 775–76 (Tex. 1980).  “The
grounds upon which a bill of review can be obtained are narrow because the
procedure conflicts with the fundamental policy that judgments must become
final at some point.”  Transworld Fin. Servs. Corp. v. Briscoe, 722
S.W.2d 407, 407 (Tex. 1987).

III.  Analysis

Molano argues that he could not
assert his meritorious statute of limitations defense in the underlying action
because the State, through fraud, accident, or wrongful act, failed to disclose
the audiotape and documents which revealed that its investigation of him began
in May 2003.  See Caldwell, 154 S.W.3d at 96.  In response, the State
points out that it brought its lawsuit against Molano as a sovereign entity,
not as a “consumer,” as defined by the statute.  See Tex. Bus. & Com. Code Ann. §
17.565.  

The DTPA defines a “consumer” as
“an individual, partnership, corporation, this state, or a subdivision or
agency of this state who seeks or acquires by purchase or lease, any goods or
services. . . .”  See id. § 17.45(4) (West 2011).  In its brief, the
State contends that it did not file suit as a consumer, given that it never
“purchased or leased” any of Molano’s legal “services.”  See id. 
Instead, the State argued that it filed suit in its capacity as a sovereign entity
to enforce the law under section 17.47.  See id. § 17.47.  Section 17.47
provides as follows:

Whenever the
consumer protection division has reason to believe that any person is engaging
in, has engaged in, or is about to engage in any act or practice declared to be
unlawful by this subchapter, and that proceedings would be in the public
interest, the division may bring an action in the name of the state against the
person to restrain by temporary restraining order, temporary injunction, or
permanent injunction the use of such method, act, or practice.

 

Id.  This difference in standing is critical, the
State argues, because the statute of limitations defense set forth in the DTPA
statute only applies to private actions brought by consumers.  See id.
§§ 17.45(4), 17.565.  It does not apply to the actions brought by the state in
its sovereign capacity.  We agree.  

In Texas, it is well-settled law
that “the State in its sovereign capacity, unlike ordinary litigants, is not
subject to the defenses of limitations, laches, or estoppel.”  State v.
Durham, 860 S.W.2d 63, 67 (Tex. 1993) (estoppel); see Rey v. Tex.,
No. 07-10-0464-CV, 2011 Tex. App. LEXIS 4472, at **11–12 (Tex. App.—Amarillo
Jun. 14, 2011, no pet. h.) (mem. op.) (laches); Thomas v. State, 226
S.W.3d 697, 710 (Tex. App.—Corpus Christi 2007, pet. dism’d) (limitations); Brooks
v. State, 91 S.W.3d 36, 39 (Tex. App.—Amarillo 2002, no pet.) (estoppel); Shields
v. State, 27 S.W.3d 267, 275 (Tex. App.—Austin 2000, no writ)
(limitations).  

As this Court has previously
recognized,

The rationale behind
the inapplicability of this doctrine is to allow governmental entities to
enforce its laws, statutes, and ordinances to protect the general public.  Certain
violations of statutes may not come to light until sometime after the violative
act has occurred.  By permitting the government to prosecute violators of these
statutes at any time, the welfare of the citizenry of the State is more nearly
assured.

 

Waller v. Sanchez, 618 S.W.2d 407, 409 (Tex.
App.—Corpus Christi 1981, no writ).  Therefore, the State is not bound by any
statute of limitations unless that statute expressly applies to the State.  See
Brown v. Sneed, 77 Tex. 471, 474, 14 S.W. 248, 251 (Tex. 1890) (“[T]he statute
of a State prescribing periods of time within which rights must be asserted are
held not to embrace the State itself unless expressly designated.”).  Given
the absence of any language in section 17.565 that expressly restricts the
State to a two-year limitation for a DTPA action under section 17.47, we
decline to apply this defense against the State.

Accordingly, we hold that summary
judgment was proper because Molano cannot prove the first element required in
his bill of review, that is, that he has a meritorious limitations defense to
the underlying cause of action.  See Caldwell, 154 S.W.3d at 96.  We
thus overrule this issue.  Because this issue is dispositive, we need not reach
his additional bases for claiming summary judgment was improper.[2] 
See Tex. R. App. P. 47.1. 

IV.  Conclusion

            We affirm the trial court’s judgment.

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Delivered and filed the

18th day of August, 2011.









[1]  While abuse of discretion is the proper review standard for the denial
of a bill of review, see Manley v. Parsons, 112 S.W.3d 335, 337 (Tex.
App.—Corpus Christi 2003, pet. denied), this case was appealed from a summary
judgment.  Thus, the appropriate standard in this case is a de novo review of a
grant of the motion for summary judgment.  Id.; see also D’Unger
v. Woolsey, No. 13-04-110-CV, 2006 Tex. App. LEXIS 2828, at *2 n.2 (Tex.
App.—Corpus Christi Apr. 6, 2006, no pet.) (mem. op.).  









[2]  Molano claimed that the trial court
erred in granting summary judgment for several reasons:  (1) he had a
meritorious defense; (2) he created a genuine issue of material fact on one of
the State’s affirmative defenses; (3) the summary judgment was “based on
unsubstantiated legal conclusions”; and (4) the summary judgment was “based on
unsubstantiated factual conclusions.”  Because we have decided this
matter on his first sub-issue, we need not address his additional contentions. 
See Tex. R. App. P. 47.1.