

# NUMBER 13-10-00477-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOEL MOLANO,                                                                        Appellant,

## v.

THE STATE OF TEXAS,                                                                Appellee.

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Joel Molano, argues that the trial court erred when it granted the

State's motion for summary judgment and dismissed his bill of review.   We affirm.

## I. BACKGROUND

The State, acting through the Consumer Protection and Public Health Division of the Attorney General of Texas, originally sued Molano in May 2006 for the unauthorized practice of law and violations of the Texas Deceptive Trade Practices Act (the "DTPA"). *See* TEX. GOV'T CODE ANN. § 406.016(d) (West 2005); TEX. BUS. & COM. CODE ANN. § 17.47 (West 2011). Following a bench trial, the trial court issued the following findings of fact:

1. On or after January 1, 2005, to May 4, 2006, [Molano] engaged in the business of giving advice or rendering a service requiring the use of legal skill and knowledge in:

   a. interviewing persons and advising them as to whether or not to file a petition or application for divorce under state law or for immigration benefits under federal law;

   b. drafting and preparing pleadings or documents for others in judicial or administrative proceedings relating to divorce actions or immigration to the United States;

   c. drafting and preparing wills, contracts, agreements, powers of attorney, and affidavits for others;

   d. selecting and completing legal forms or instruments for others in divorce actions and proceedings relating to immigration to the United States; and/or

   e. preparing legal instruments affecting title to real property, such as deeds and deeds of trust.

2. In the conduct of business, [Molano] advertised, offered for sale, and/or sold his services to consumers of this State. At least 200 persons acquired by purchase defendant's services, and the sale transaction with each person constitutes an unlawful act or practice and a separate violation of the Texas Deceptive Trade Practices – Consumer Protection Act . . . .

3. On or after January 1, 2005, to May 4, 2006, defendant solicited, charged, and received compensation, totaling $10,000.00, from consumers for giving advice and for rendering the services enumerated in paragraph 1 above.

The trial court signed a final judgment ordering permanent injunctive relief and ordered Molano to pay $10,000 as restitution, $10,000 in penalties, and $15,000 in attorney's fees. Molano filed an appeal following the trial court's decision, and this Court affirmed the trial court's judgment. *See Molano v. State*, 262 S.W.3d 554 (Tex. App.—Corpus Christi 2008, no pet.).

Molano subsequently filed a bill of review with the trial court. In his bill of review, Molano claimed that he discovered the State had begun to investigate his business possibly in May of 2003, and definitely by November of 2003. He learned this information through an audio recording and dated documents that the State allegedly failed to disclose during the previous pendency of the lawsuit. Because the State did not file its lawsuit against him until May 2006, Molano claimed he had a valid DTPA statute of limitations defense. *See* TEX. BUS. & COM. CODE ANN. § 17.565 (West 2011) ("All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.").

Specifically, Molano contended the following:

> In answer to a request for disclosure, the State failed to disclose a November 19, 2003 audio recording, containing "discoverable witness statements," that proves that the State knew or should have known "that [Molano] was preparing legal documents in the areas of divorce, immigration, real estate deeds, and contracts" on that date.

Molano argued that by failing to take immediate action against him, the State "caused him, in good faith, to believe [his] legal document preparation service was lawful while also being a notary public, for a period of two-and-a-half years." He asserted that the State should have filed its lawsuit by November of 2005, at the latest, to be in compliance with section 17.565 of the DTPA.

In response to Molano's bill of review, the State filed a motion for summary judgment arguing that a statute of limitations defense could not be asserted because the State filed its lawsuit as a law enforcement action under section 17.47 of the DTPA, not as a consumer under section 17.50. *See* TEX. BUS. & COM. CODE ANN. §§ 17.47, 17.50 (West 2011). The State argued that defenses such as statute of limitations do not apply when the State files suit in its sovereign capacity. The trial court agreed with the State's contention, granted the motion for summary judgment, and dismissed Molano's bill of review. Molano then filed this appeal.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the granting of a traditional motion for summary judgment de novo.[1]

---

[1] While abuse of discretion is the proper review standard for the denial of a bill of review, *see Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi 2003, pet. denied), this case was appealed from a summary judgment. Thus, the appropriate standard in this case is a de novo review of a

4

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.). In reviewing the summary judgment evidence, we assume that the nonmovant's evidence is true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts about the existence of a genuine issue of material fact in favor of the nonmovant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). To successfully prevail at the trial level, a movant must carry its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *See* Tex. R. Civ. P. 166a(c)*; KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). To be entitled to a bill of review, plaintiffs must plead and prove the following elements: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake that was (3) unmixed with any fault or negligence on their own part. *Id.* However, a party who failed to appeal the judgment of which the party had notice, or a party who timely but

grant of the motion for summary judgment. *Id.*; *see also D'Unger v. Woolsey*, No. 13-04-110-CV, 2006 Tex. App. LEXIS 2828, at *2 n.2 (Tex. App.—Corpus Christi Apr. 6, 2006, no pet.) (mem. op.).

unsuccessfully appealed the judgment, may not use a bill of review as an additional remedy. *Rizk v. Mayad*, 603 S.W.2d 773, 775–76 (Tex. 1980). "The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987).

## III. ANALYSIS

Molano argues that he could not assert his meritorious statute of limitations defense in the underlying action because the State, through fraud, accident, or wrongful act, failed to disclose the audiotape and documents which revealed that its investigation of him began in May 2003. *See Caldwell*, 154 S.W.3d at 96. In response, the State points out that it brought its lawsuit against Molano as a sovereign entity, not as a "consumer," as defined by the statute. *See* TEX. BUS. & COM. CODE ANN. § 17.565.

The DTPA defines a "consumer" as "an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services. . . ." *See id.* § 17.45(4) (West 2011). In its brief, the State contends that it did not file suit as a consumer, given that it never "purchased or leased" any of Molano's legal "services." *See id.* Instead, the State argued that it filed suit in its capacity as a sovereign entity to enforce the law under section 17.47. *See id.* § 17.47. Section 17.47 provides as follows:

> Whenever the consumer protection division has reason to believe that any person is engaging in, has engaged in, or is about to engage in any act or practice declared to be unlawful by this subchapter, and that proceedings would be in the public interest, the division may bring an action in the name

6

of the state against the person to restrain by temporary restraining order, temporary injunction, or permanent injunction the use of such method, act, or practice.

*Id.* This difference in standing is critical, the State argues, because the statute of limitations defense set forth in the DTPA statute only applies to private actions brought by consumers. *See id.* §§ 17.45(4), 17.565. It does not apply to the actions brought by the state in its sovereign capacity. We agree.

In Texas, it is well-settled law that "the State in its sovereign capacity, unlike ordinary litigants, is not subject to the defenses of limitations, laches, or estoppel." *State v. Durham*, 860 S.W.2d 63, 67 (Tex. 1993) (estoppel); *see Rey v. Tex.*, No. 07-10-0464-CV, 2011 Tex. App. LEXIS 4472, at **11–12 (Tex. App.—Amarillo Jun. 14, 2011, no pet. h.) (mem. op.) (laches); *Thomas v. State*, 226 S.W.3d 697, 710 (Tex. App.—Corpus Christi 2007, pet. dism'd) (limitations); *Brooks v. State*, 91 S.W.3d 36, 39 (Tex. App.—Amarillo 2002, no pet.) (estoppel); *Shields v. State*, 27 S.W.3d 267, 275 (Tex. App.—Austin 2000, no writ) (limitations).

As this Court has previously recognized,

The rationale behind the inapplicability of this doctrine is to allow governmental entities to enforce its laws, statutes, and ordinances to protect the general public. Certain violations of statutes may not come to light until sometime after the violative act has occurred. By permitting the government to prosecute violators of these statutes at any time, the welfare of the citizenry of the State is more nearly assured.

*Waller v. Sanchez*, 618 S.W.2d 407, 409 (Tex. App.—Corpus Christi 1981, no writ). Therefore, the State is not bound by any statute of limitations unless that statute expressly applies to the State. *See Brown v. Sneed*, 77 Tex. 471, 474, 14 S.W. 248,

7

251 (Tex. 1890) ("[T]he statute of a State prescribing periods of time within which rights must be asserted are held not to embrace the State itself unless expressly designated."). Given the absence of any language in section 17.565 that expressly restricts the State to a two-year limitation for a DTPA action under section 17.47, we decline to apply this defense against the State.

Accordingly, we hold that summary judgment was proper because Molano cannot prove the first element required in his bill of review, that is, that he has a meritorious limitations defense to the underlying cause of action. *See Caldwell*, 154 S.W.3d at 96. We thus overrule this issue. Because this issue is dispositive, we need not reach his additional bases for claiming summary judgment was improper.[2] *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
18th day of August, 2011.

---

[2] Molano claimed that the trial court erred in granting summary judgment for several reasons: (1) he had a meritorious defense; (2) he created a genuine issue of material fact on one of the State's affirmative defenses; (3) the summary judgment was "based on unsubstantiated legal conclusions"; and (4) the summary judgment was "based on unsubstantiated factual conclusions." Because we have decided this matter on his first sub-issue, we need not address his additional contentions. *See* TEX. R. APP. P. 47.1.