No. 72–521. IRISH NORTHERN AID COMMITTEE *v.* AT-
TORNEY GENERAL OF THE UNITED STATES. C. A. 2d Cir.
Certiorari denied.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE
DOUGLAS and MR. JUSTICE BRENNAN concur, dissenting.

Petitioner is registered as a foreign agent under the
Foreign Agents Registration Act of 1938, 52 Stat. 631, as
amended, 22 U. S. C. § 611 *et seq.* The District Court
ordered it to comply with the Act by filing, *inter alia,*
a statement of contributions which included the names
of contributors. The Court of Appeals for the Second
Circuit affirmed in an unreported order.

I believe that the Foreign Agents Registration Act
does not authorize the Attorney General to require lists
of the names and addresses of contributors, as he has
done in 28 CFR § 5.201 (e). Cf. *Kent* v. *Dulles,* 357
U. S. 116 (1958).

The Foreign Agents Registration Act sets out an
extensive scheme to regulate the activities of foreign
agents. But the scheme is not all-encompassing. Its
purpose is to inform the American people of the activi-
ties of the agents of foreign principals so that the people
may carefully "appraise them and the purposes for which
they act." H. R. Rep. No. 1470, 89th Cong., 2d Sess., 2
(1966).

Congress has determined that we must know the
extent to which a foreign agent is supported by his
principal so that we may properly evaluate the agent's
interest in the views he presents. To that end, the
statute requires the agent to disclose "[t]he nature and
amount of contributions, income, money, or thing of
value, if any, that the registrant has received . . . from
each such foreign principal . . . ." 22 U. S. C. § 612 (a)
(5). Prior to its amendment in 1966, the statute did re-
quire the disclosure of the name and address of "any per-
son who has . . . contributed or paid money or anything of

value to the registrant," § 2 (a)(7), 56 Stat. 252. This provision was omitted in 1966, leaving § 612 (a)(5) as essentially the only provision requiring disclosure of contributors.[1]

The amendments adopted in 1966 were intended to limit the scope of the previous act and thereby to make effective enforcement more likely. In language repeated in each subsequent Committee report on the proposed revision, the Senate Committee on Foreign Relations referred to its bill as "better focusing the act on those individuals performing political or semipolitical activities." S. Rep. No. 875, 88th Cong., 2d Sess., 1 (1964).[2] The Committee said, "Too broadly written for today's needs, the present act's disclosure provisions have through the years been too narrowly enforced with the emphasis placed on subversive or potentially subversive

---

[1] Section 612 (a)(7) requires the disclosure of contributions from anyone other than the principal "for whom the registrant is acting . . . under such circumstances as require his registration hereunder." This provision is intended to prevent the foreign principal from acting through a facade or alter ego who would register and then simply act as a channel for funds to an unregistered person who would do all that the principal wanted done. H. R. Rep. No. 1470, 89th Cong., 2d Sess. (1966). The respondent argues that this section is a broad one. On its face, it is quite narrow. Respondent says, however, that the legislative history "makes it clear that Congress did not intend the provision to be read so narrowly." Brief for Respondent in Opposition 11. I confess that I cannot read the section to require anything more than disclosure of contributions "from each such person." That is, after all, just what the language of the section purports to require. The legislative history cited by respondent shows only that Congress intended to cover what the language of the section covers, the use of registered agents to convey money to unregistered third parties who would then disburse it within the United States. I find it hard to interpret this history as providing any guidance in deciding the case at hand. The only statutory basis for respondent's action that I can find is § 615.

[2] See also S. Rep. No. 143, 89th Cong., 1st Sess., 1 (1965); H. R. Rep. No. 1470, 89th Cong., 2d Sess., 2 (1966).

agents." *Id.,* at 5.[3]  Congress in 1966 deliberately narrowed the coverage of the statute.  I would not read into it broad coverage, through a general authorization to the Attorney General, that is inconsistent with the thrust of the legislation taken as a whole.

The statute no longer requires, in terms, the disclosure of the names of all contributors.[4]  But the registrant must keep "such books of account and other records with respect to all his activities, the disclosure of which is required under the provisions of this subchapter . . . as the Attorney General, having due regard for the national security and the public interest, may by regulation prescribe as necessary or appropriate for the enforcement of the provisions of this subchapter."  22 U. S. C. § 615. The Attorney General has apparently determined that the names and addresses of all contributors must be disclosed to insure full disclosure of contributions from the foreign principal.  28 CFR § 5.201 (e).  This requirement, I believe, goes beyond the bounds of the statute.

First, the Attorney General is authorized to require that records be kept as to "all . . . activities, the disclosure of which is required under the provisions of this subchapter," 22 U. S. C. § 615.  The predicate of a valid regulation, then, is that it relate to an activity that must be disclosed by the terms of the Act itself.  As I have noted, nothing in the Act requires the disclosure of the names of all contributors.

The Act does require that the organization disclose the extent to which it is controlled financially by its principal.  And disclosure of the names of all contributors would make it easier for Americans to learn the degree of control which the foreign principal has over

---

[3] See also S. Rep. No. 143, *supra,* n. 2, at 5.

[4] It does require full disclosure of all expenditures.  22 U. S. C. § 612 (a) (8).

an organization which solicits their contributions. But the respondent in this case has given no reason to believe that the foreign principal in this case has contributed more to the Irish Northern Aid Committee than has already been disclosed. Indeed, the very nature of the organization and the principal makes that very unlikely. For all that appears, the Irish Northern Aid Committee is a shoestring operation, which raises money at dances and house parties and sends it to an organization in Northern Ireland which seems to have few resources of its own. It is not the well-financed agent of an established government that sends money to this country for extensive efforts to influence public opinion.

The case might be different if the Attorney General had shown some reason to believe that the Irish Northern Aid Committee had failed to disclose contributions it had received from its principal. Full disclosure then might be the only way to discover whether that suspicion had some basis in fact. Without such a showing, however, the Attorney General has not established that the predicate for a valid regulation exists.[5] The regulation he has promulgated, which does not require any showing of possible relevance to some disclosure required by the terms of the Act, is more than the Act permits.

Second, if we were to construe the Act as authorizing such a broad-ranging inquiry, I would be troubled by the possibility that Congress had authorized an inquiry which the First Amendment forbids. Membership in an organization is protected from disclosure when the Government's interest in disclosure is outweighed by the impact on association that disclosure causes. See *NAACP* v. *Alabama*, 357 U. S. 449, 462–464 (1958).

---

[5] The case was submitted to the District Court on affidavits, none of which revealed any reason for respondent to believe that the petitioner was receiving undisclosed amounts from its principal.

This balancing can be done only after careful consideration is given to the competing interests. Here the Government's interest is said to be guaranteeing that the public knows the extent to which petitioner is supported by its foreign principal. The Committee has already registered as a foreign agent and is subject to a wide range of disclosure requirements that I do not question. It is hard to believe that the increment in public information provided by disclosure of the names and addresses of contributors would be great, especially in a case where the Attorney General has shown no reason to believe that disclosure would reveal hidden contributions from the foreign principal.

On the other side, petitioner claims that many of its contributors are properly fearful for the safety of their relatives who remain in the turbulent surroundings of Northern Ireland. On the record developed in the District Court, based solely on affidavits, we cannot, I think, make an informed judgment of the impact of such fears on potential contributors.

The constitutional argument is a difficult one. I would not assume that Congress had carefully considered it when enacting a statute which does not, in terms, pose the constitutional question. The statutory basis for the Attorney General's requirement that the names of contributors be disclosed, without any preliminary showing that such disclosure would advance the ends of the statute, is rather slender in the first instance. It is hardly construing the statute to avoid constitutional doubts to read into it authority for the Attorney General to adopt regulations that themselves raise constitutional questions.

I would grant the petition for writ of certiorari and set the case for oral argument.