ATTORNEY GENERAL OF the UNITED STATES of America, Plaintiff-Appellee,

v.

IRISH NORTHERN AID COMMITTEE, Defendant-Appellant.

No. 357, Docket 81–6141.

United States Court of Appeals, Second Circuit.

Argued Oct. 28, 1981.

Decided Jan. 5, 1982.

---

**160**

Patricia E. Hennessey, New York City (Frank Durkan, O'Dwyer & Bernstien, New York City, on the brief), for defendant-appellant.

Richard N. Papper, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., Peter C. Salerno, Asst. U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Before MOORE and NEWMAN, Circuit Judges, and TENNEY,* District Judge.

* The Honorable Charles H. Tenney of the United States District Court for the Southern District of New York, sitting by designation.

1. Section 611(c) defines the term "agent of a foreign principal" as:
 (1) any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person—
 (i) engages within the United States in political activities for or in the interests of such foreign principal;
 (ii) acts within the United States as a public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal;
 (iii) within the United States solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value for or in the interest of such foreign principal;
 (iv) within the United States represents the interests of such foreign principal before any

**PER CURIAM:**

In this appeal, the Irish Northern Aid Committee ("INAC") challenges the District Court's determination that INAC is an "agent of a foreign principal" under § 1(c)(1) of the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611(c)(1) (1976),[1] and that INAC's foreign principal is the Irish Republican Army ("IRA").[2] The District Court for the Southern District of New York (Charles S. Haight, Jr., Judge) made this determination and granted summary judgment for plaintiff Attorney General of the United States in plaintiff's suit to enjoin INAC from violating various provisions of the Act and its accompanying regulations, 28 C.F.R. §§ 5.1–.801 (1980). *Attorney General v. Irish Northern Aid Committee*, 530 F.Supp. 241 (S.D.N.Y.1981). We affirm, on Judge Haight's comprehensive opinion, the District Court's conclusion that INAC is the "agent" of the IRA within the meaning of the Act.

■ We add these few additional words to what Judge Haight has written because, while we agree with his construction of the Act, we wish to express a note of caution

agency or official of the Government of the United States; and
(2) any person who agrees, consents, assumes or purports to act as, or who is or holds himself out to be, whether or not pursuant to contractual relationship, an agent of a foreign principal as defined in clause (1) of this section.

2. In 1971, in response to threatened enforcement action by the Attorney General, INAC registered as the agent of a foreign principal and named as its foreign principal the Northern Aid Committee, located in Belfast, Ireland. INAC has subsequently filed semi-annual registration statements but claims that it has done so only under "duress." Because of deficiencies in its registration statements, INAC was ordered in 1972 to produce for inspection its books and records. *See Attorney General v. Irish Northern Aid Committee*, 346 F.Supp. 1384 (S.D.N.Y.), *aff'd without opinion*, 465 F.2d 1405 (2d Cir.), *cert. denied*, 409 U.S. 1080, 93 S.Ct. 679, 34 L.Ed.2d 669 (1972). Plaintiff instituted this action, claiming that INAC's registration statements were both inaccurate and incomplete, primarily because of INAC's failure to identify the IRA as its foreign principal.

concerning the statute's coverage of those who act at the "request" of a foreign principal. As the District Court held, "[I]t is sufficient to establish agency under the Act that defendant is a 'representative' of the IRA, or acts at its 'request.' " 530 F.Supp. at ———. We agree that the agency relationship sufficient to require registration need not, as INAC urges, meet the standard of the Restatement (Second) of Agency with its focus on "control" of the agent by the principal.[3] Control is an appropriate criterion for a determination of common law agency because the agent contemplated by the Restatement has the power to bind his principal. In determining agency for purposes of the Foreign Agents Registration Act, however, our concern is not whether the agent can impose liability upon his principal but whether the relationship warrants registration by the agent to carry out the informative purposes of the Act.

 Nevertheless, while we acknowledge that the Act requires registration by a person who acts, in specified ways,[4] at a foreign principal's "request," we caution that this word is not to be understood in its most precatory sense. Such an interpretation would sweep within the statute's scope many forms of conduct that Congress did not intend to regulate.[5] The exact perimeters of a "request" under the Act are difficult to locate, falling somewhere between a command and a plea. Despite this uncertainty, the surrounding circumstances will normally provide sufficient indication as to whether a "request" by a "foreign principal" requires the recipient to register as an "agent." For example, it is important to ascertain whether those requested to act were identified with specificity by the principal. When members of a large religious, racial, or ethnic group respond to pleas for contributions or generalized political support, they do not thereby become "agents" under the Act. To so hold would make all Americans who sent money, food, and clothing to the Italian earthquake victims "agents" of the Italian Government. But when a particular individual, or a sufficiently limited group of identifiable individuals, is asked to act, the surrounding circumstances may show that those "requested" are in some way authorized to act for or to represent the foreign principal.[6] Also relevant is the specificity of the action requested. A general plea for political or financial support is less likely to constitute

---

3. "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second) of Agency § 1 (1958).

4. See § 1(c)(1)(i)–(iv) of the Act, 22 U.S.C. § 611(c)(1)(i)–(iv).

5. Section 611(c)(1) was amended in 1966. See Pub.L.No.89–486, § 1(2), 80 Stat. 244 (1966). In commenting on the proposed amendment, the House Report states:

Under existing law it is possible because of the broad scope of the definitions contained in section 1(c) to find an agency relationship (and thus the possibility of registration) of persons who are not, in fact, agents of foreign principals but whose acts may incidentally be of benefit to foreign interests, even though such acts are part of the normal exercise of those persons' own rights of free speech, petition, or assembly. This may have been desirable when the Foreign Agents Registration Act was amended in 1942, but does not appear warranted in present circumstances.

H.R.Rep.No.1470, 89th Cong., 2d Sess. ———, reprinted in [1966] U.S.Code Cong. & Ad.News 2397, 2401.

6. The specificity with which an individual or group was designated would not be solely determinative, however. For example, in his testimony before the Senate hearings on Billy Carter's relationship with Libya, former Assistant Attorney General Heymann stated:

For instance, a congressman visits Turkey and during his trip he meets with government officials. The government officials urge the case for foreign policies favorable to Turkey, and he supports these when he returns to Washington. If that is considered a "request" under the statute, the congressman is an unregistered foreign agent, even though he has taken no orders, is under no one's direction or control, and is not anyone's agent.

Inquiry Into the Matter of Billy Carter and Libya: Hearings Before the Subcomm. to Investigate the Activities of Foreign Governments of the Senate Comm. on the Judiciary, 96th Cong., 2d Sess. 700, 701 (1970) (statement of Phillip B. Heymann, Assistant Attorney General).

INAC argues that this testimony illustrates that control is necessary to a finding of agency

a "request" under the Act than is a more specific instruction. Once a foreign principal establishes a particular course of conduct to be followed, those who respond to its "request" for complying action may properly be found to be agents under the Act.

In this case there was sufficient undisputed evidence from which the District Court properly concluded that INAC is the agent of the IRA. The evidence, much of it drawn from correspondence in INAC's files, is meticulously set forth and assessed in Judge Haight's opinion. INAC did not present any evidence to put its "agent" status in issue. The conclusory affidavit submitted by INAC's counsel in opposition to summary judgment was insufficient to refute plaintiff's proof of INAC's agency status, especially in light of INAC's assertion that the only persons with personal knowledge sufficient to respond to any of the claims in this case are INAC's three U. S. Representatives, all of whom have invoked their Fifth Amendment privilege against self-incrimination.

The judgment of the District Court is affirmed.

under the Act. We disagree and interpret Mr. Heymann's remarks to be merely an illustration of independent action that incidentally benefits a foreign government but does not fall within the purview of the Act.