Mozell and Delores BROOKS, et al., Plaintiffs-Appellants,

v.

WALKER COUNTY HOSPITAL DISTRICT, et al., Defendants-Appellees.

No. 82–2044
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1982.

Rehearing and Rehearing En Banc Denied Oct. 28, 1982.

---

Jane K. Swanson, Conroe, Tex., Curtis B. Stuckey, Nacogdoches, Tex., for plaintiffs-appellants.

Joe B. Henderson, Jr., Huntsville, Tex., for defendants-appellees.

Before CLARK, Chief Judge, RANDALL and JOHNSON, Circuit Judges.

RANDALL, Circuit Judge:

Plaintiffs Mozell Brooks, Delores Brooks and Tee Massie[1] brought this 42 U.S.C. § 1983 action individually and on behalf of a proposed class of all other medically needy indigent residents of the Walker County Hospital District against the District and its Board of Managers. Plaintiffs alleged that they were denied without due process of law an entitlement to free medical services they claim is guaranteed them by Article IX, § 9 of the Texas Constitution.[2] The district court dismissed the action on the grounds that this was a proper case for *Pullman* abstention.[3] We agree with the district court and therefore affirm.

---

1. A fourth plaintiff in the original action, Edwina Bicknell, is now deceased.

2. Tex.Const. art. IX, § 9 provides in pertinent part:

   The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts composed of one or more counties or all or any part of one or more counties with power to issue bonds for the purchase, construction, acquisition, repair or renovation of buildings and improvements and equipping same, for hospital purposes; providing for the transfer to the hospital district of the title to any land, buildings, improvements and equipment located wholly within the district which may be jointly or separately owned by any city, town or county, *providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants* and assume the outstanding indebtedness incurred by cities, towns and counties for hospital purposes prior to the creation of the district, if same are located wholly within its boundaries, and a pro rata portion of such indebtedness based upon the then last approved tax assessment rolls of the included cities, towns and counties if less than all the territory thereof is included within the district boundaries; . . . ."
   (Emphasis added).

3. Ordinarily a district court will retain jurisdiction over a case when it abstains in a *Pullman* situation. However, the idiosyncracies of Texas law prevent retention of federal jurisdiction and thus dismissal without prejudice was the proper disposition. *See generally Moore v. El Paso County,* 660 F.2d 586 (5th Cir. 1981).

As alleged in their pleadings, each of the plaintiffs is an indigent and medically needy resident of the Walker County Hospital District. Plaintiffs Mr. and Mrs. Brooks are physically unable to work due to medical problems. Mrs. Brooks suffers from diabetes and is in continuous need of insulin; she also suffers from heart problems, gall bladder problems, and other medical difficulties. Plaintiff Massie is unable to afford medicine which has been prescribed for him. Massie was previously hospitalized within the hospital district but was not informed of his right to free medical care. As a result he has at present over $600 in unpaid hospital and physicians' bills, some of which will not be covered by Medicare. Massie was informed by a hospital social worker that Massie's $200 hospital bill would not be written off as part of the hospital's indigent care obligation because it was a Medicare deductible amount.

As alleged in plaintiffs' complaint, defendants have failed and refused to institute any system whatsoever for providing or paying for necessary medical care other than hospital care. Defendants have also failed to institute orderly, consistent, and rational policies and procedures for the provision of free hospital and medical care to the low income residents of the district, and to give proper and effective notice of the availability of such care.

■ *Pullman* abstention is a judge-made doctrine which postpones the exercise of federal jurisdiction in order to clarify ambiguous state law issues in the state courts when resolution of such issues might eliminate or substantially modify a federal constitutional question. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). We believe that the district court properly exercised its discretion in ordering abstention in this case.[4] Plaintiffs present a claim for denial of a property right without due process of law. That property right is an entitlement to free medical services which plaintiffs claim is granted them by the Texas Constitution. There is of course no question here of an attack on state law as inconsistent with the Federal Constitution. But the scope and extent of the entitlement is essential to disposition of the plaintiffs' claims, and this fact makes abstention appropriate, as we now discuss.

We begin by noting that the ambiguity of state law required for invocation of *Pullman* abstention definitely exists in this case. We do not share plaintiffs' views about the clarity of the mandate of Article IX, § 9 of the Texas Constitution. The fact that hospital districts are established with "full responsibility for providing medical and hospital care to needy inhabitants" might be read to require free services, as plaintiffs contend, but it might also be read to require only that such services be provided at a reduced rate commensurate with the patient's ability to pay. *Cf. Ibarra v. Bexar County Hospital District*, 624 F.2d 44 (5th Cir. 1980) (describing hospital district's interpretation of Article IX, § 4); Tex.Rev. Civ.Stat.Ann. art. 4487 (Vernon 1976). Moreover, medical and hospital care covered in the entitlement may extend to some types of treatment and not others. It is possible that the Texas Constitution mandates responsibility to pay for Mrs. Brooks' insulin, for example, but not other medical services she seeks in her complaint. In

---

4. Several panels of this circuit have held that an appellate court's standard of review of a district court's decision to invoke or refuse to invoke *Pullman* abstention is one of abuse of discretion. *Duncan v. Poythress*, 657 F.2d 691, 697 (5th Cir. 1981), and cases cited therein. Yet in our recent en banc decision in *O'Hair v. White*, 675 F.2d 680 (5th Cir. 1982), we made no explicit reference to our standard of review and engaged in a virtual *de novo* determination of the propriety of abstention as to each of the claims in that case. The Supreme Court's treatment of the question has been similarly ambiguous. *Compare Harman v. Forssenius*, 380 U.S. 528, 534, 537, 85 S.Ct. 1177, 1181, 1183, 14 L.Ed.2d 50 (1965) (district court did not abuse discretion in refusal to abstain), *with Harris County Commissioner's Court*, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (no explicit discussion of standard of review). We need not resolve any inconsistency between these opinions (if indeed any exists) since we agree with the district court that abstention was proper and would reach the same result upon a *de novo* consideration of the issue.

addition, a distinction might rationally be made between emergency and non-emergency services. We express no opinion on how these questions should be resolved. We merely seek to point out that the bare language of Article IX, § 9 creates an entitlement of uncertain scope and extent.

▪ Plaintiffs have pointed to several opinions of the Attorney General of Texas which have discussed Article IX § 9, but we do not find these to clarify markedly the difficult issues presented here. No authoritative construction of the nature of the entitlement has emerged from the Texas courts.[5] Moreover, a full treatment of the scope of the entitlement created by state law must necessarily consider the effects of enabling legislation for hospital districts, as well as any regulatory framework established for administration of the districts. "[W]here the challenged statute is part of an integrated scheme of related constitu-

tional provisions, statutes, and regulations, and where the scheme as a whole calls for clarifying interpretation by the state courts," the Supreme Court has regularly required abstention. *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 84–85 n.8, 95 S.Ct. 870, 875–876 n.8, 43 L.Ed.2d 32 (1977); (citing *Reetz v. Bozanich*, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *Meridian v. Southern Bell Tel. & Tel. Co.*, 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959)).

▪ Plaintiffs argue that even if the scope of the entitlement is unclear, the federal constitutional question of denial of due process cannot be avoided no matter how the entitlement is construed. Of course it is possible that no entitlement to completely free medical services might exist at all based on the State's construction of its constitution. But let us accept *arguendo* that some form of entitlement to some form of

---

5.  Plaintiffs cite *Monghon & Sisson v. Van Zandt County*, 3 Tex.Civ.Cas. 240 (Ct.App. 1886), which held that a county judge or any member of a county commissioners court could, by contract, bind the county in any reasonable sum necessary to support a pauper and hence would be authorized to employ a physician to render necessary medical services to a pauper. This case relied upon a statutory duty of commissioners courts to provide for paupers and involved no construction of Article IX, § 9, which was not adopted until some seventy years later.

We received an *amicus curiae* brief from Dallas Association of Community Organizations for Reform Now citing a number of Texas cases and statutes which purportedly clarify the "interest" created by the State Constitution. *Amicus* cites *Willacy County v. Valley Baptist Hospital*, 29 S.W.2d 456 (Tex.Civ.App.1930), as being interpretative of the obligation to furnish free medical services to needy residents. *Willacy*, however, seems to restrict rather than define the county's obligation and like *Monghon*, was decided long before the passage of the constitutional provision. The issue in the case was whether the county was obligated to reimburse *providers* of care for emergency medical service rendered county inhabitants. The court refused to hold counties liable as "a matter of course" for payment of hospital bills where the patient left no estate. The court noted further that "the obligations of the counties to paupers are fixed by statute and cannot be enlarged upon by unnecessary implication." 29 S.W.2d at 457.

None of the cases cited by *amicus* says that indigents are entitled to *free* medical care, as plaintiffs allege. Most have to do with the constitutionality of the enabling legislation of the specific hospitals. *Moore v. Edna Hospital District*, 449 S.W.2d 508 (Tex.Civ.App.1970) (discussing the district's duty "of furnishing hospital care to the needy and of operating and maintaining the hospital itself"); *Yeary v. Bond*, 384 S.W.2d 376 (Tex.Civ.App.1964) (discussing the hospital administrator's power to determine ability to pay and to collect sums accordingly); *Bexar County Hospital District v. Crosby*, 320 S.W.2d 247 (Tex.Civ.App.), aff'd in part, reversed in part, 160 Tex. 116, 327 S.W.2d 445 (1959). Other cases involve the issue of the hospital's governmental immunity. *Ritch v. Tarrant County Hospital District*, 476 S.W.2d 950 (Tex.Civ.App.), writ denied, 480 S.W.2d 622 (Tex.), cert. denied, 409 U.S. 1079, 93 S.Ct. 703, 34 L.Ed.2d 669 (1972); *Arseneau v. Tarrant County Hospital District*, 408 S.W.2d 802 (Tex.Civ.App.1966). Similarly the statutes cited by *amicus* provide for the establishment of hospitals and hospital procedures, e.g., Tex. Rev.Civ.Stat.Ann. art. 4493 (Vernon 1976); Tex.Rev.Civ.Stat.Ann. art. 4487 (Vernon 1976); Tex.Rev.Civ.Stat.Ann. art. 4494n § 1 (Vernon 1976), but none defines the nature of care to be provided. We are still left without an authoritative opinion from either the state courts or state legislature determining who is "needy" or what constitutes "full responsibility for medical and hospital care."

338

medical care must exist under any reasonable construction of the constitution, and related statutory and regulatory provisions. To the extent that the plaintiffs' claim is that they were denied notice and a hearing on their ability to qualify for free (or less expensive) medical care (regardless of whether they would, after a hearing, be found to qualify for such care), their argument has some force. Yet it is an axiom of due process jurisprudence that the type of process which is due turns upon the nature of the entitlement and an analysis of the governmental and private interests affected. *E.g., Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Thus, even given the fact that federal constitutional issues must necessarily arise in the disposition of this case, we think clarification of the nature of the entitlement may have a considerable impact on the posture and ultimate resolution of those federal issues. It is well settled that *Pullman* abstention may be appropriate in such cases in addition to those cases where the federal claims may be thoroughly mooted through a narrowing construction of state law. *E.g., Palmer v. Jackson,* 617 F.2d 424 (5th Cir. 1980).

Plaintiffs insist nevertheless that abstention is frowned upon in § 1983 cases, and that abstention in this case will work an undue hardship on them. We are not unsympathetic to either of these arguments. However, we think that on balance, strong policy reasons militate in favor of abstention. We deal here with a question of considerable local importance. It is an issue which may have a significant financial impact on the State of Texas as well as on its indigent inhabitants, and it is an issue touching upon a sensitive area of state policy. The fact that it also involves construction of the State's own constitution merely enhances its local importance. *Harris County Commissioner's Court, supra; Reetz, supra.* The better course, we think, is to allow the Texas courts the first opportunity to address the difficult questions of state health care law and policy raised by plaintiffs' suit. *Cf. Ibarra, supra* (abstention proper in § 1983 case to determine if under state constitution county hospital districts must treat indigent aliens and legal residents alike with respect to non-emergency medical services). The judgment of the district court is affirmed.

AFFIRMED.