**EUFAULA BANK & TRUST COMPANY, Appellee,**

v.

**Richard L. WHEATLEY, Jr., Appellant.**

**No. 57485.**

Court of Appeals of Oklahoma, Division No. 2.

April 12, 1983.

Released for Publication by Order of the Court of Appeals May 13, 1983.

Robert F. Waters, Day, Fredrickson, Merrick & Patton, Oklahoma City, for appellee.

Denzil D. Garrison, Bartlesville, for appellant.

MEANS, Judge.

Richard L. Wheatley, Jr., defendant below, appeals the order of the trial judge sustaining plaintiff Eufaula Bank and Trust Co.'s (Bank) motion for summary judgment. The trial judge's order granted

Bank summary judgment against Wheatley on a promissory note which was in default.

Wheatley asserts that as a matter of law he was entitled, as a setoff to the judgment, the fair market value of the property securing the promissory note.[1] The trial court apparently utilized, as a setoff, the sale price realized from a foreclosure sale conducted by the Bank in Alabama. Wheatley alleges that the price of the property on foreclosure is not the true market value of the property and that he is entitled to an evidentiary hearing concerning that value.

Having reviewed the original record, including the briefs submitted in support of the motion for summary judgment, and the appellate briefs with the authorities therein, we affirm in part and reverse in part.

The record establishes that Wheatley executed the note in Alabama and that the note is in default. Wheatley used the loan proceeds, together with other money, to purchase Alabama property. The note was secured by a mortgage on the property. Upon Wheatley's default the balance due on the note was more than $56,000. After publishing notices, the Bank sold the real property at public auction for $30,000. This was done pursuant to a private power of sale included in the mortgage and approved by the statutory scheme of the State of Alabama.[2] Bank then took the $30,000 from the balance due on the note and sued Wheatley in Oklahoma to collect $26,702.27, as the remaining deficiency on the note.

On July 10, 1981, the Oklahoma trial court sustained Bank's motion for summary judgment as to the issue of Wheatley's liability on the note. The court specifically reserved, pending a hearing and briefs, a finding on the amount of the setoff and recovery. On September 4, 1981, after hearing, the court ordered recovery in the amount of $26,702.27 plus interest, attorney's fees and costs in favor of the Bank.

Wheatley's position is that 12 O.S.1981 § 686, provides him an absolute statutory right to setoff the fair and reasonable market value of the property against Bank's claim. Wheatley further contends that an evidentiary hearing is required to determine the fair and reasonable market value. He contends that this market value is an issue of material fact, as to which there is a substantial controversy, rendering summary judgment inappropriate.[3] Wheatley states that even when facts are undisputed as in this case, if reasonable men might reach different conclusions a material question exists and summary judgment is improper.[4]

Bank asserts that section 686 is inapplicable to the facts of this case, because the statute is solely directed towards real property located within the State of Oklahoma. The Bank contends that foreclosure actions are in rem proceedings and as such must be brought against the property where it is situated. Thus, section 686 can have no applicability to the foreclosure of real property in a sister state.

We are in agreement that, based on principles of territorialism and our federal structure, Oklahoma courts have no jurisdiction over an Alabama foreclosure procedure brought within the State of Alabama. Likewise, the Oklahoma statutes have no application to in rem proceedings in Alabama. In rem jurisdiction is based on the presence of the subject property within the state and is limited by the authority of sister states.[5] Consequently, if section 686 were designed solely to govern foreclosure procedures, it would have no applicability to the instant case. However, section 686 relates to actions other than foreclosure proceedings and provides in part:

---

1. 12 O.S.1981 § 686.

2. Ala.Code § 35–10–1 (1975), provides in part:
   "Where a power to sell lands is given to the grantee in any mortgage, or other conveyance intended to secure the payment of money, the power is part of the security and may be executed by any person ... entitled to the money thus secured ...."

3. District Court Rule 13, 12 O.S.1981, Ch. 2, App.

4. *Flick v. Crouch,* Okl., 434 P.2d 256 (1967).

5. *Overby v. Gordon,* 177 U.S. 214, 221–23, 20 S.Ct. 603, 606–607, 44 L.Ed. 741 (1900); *Rose v. Himely,* 8 U.S. (4 Cranch) 241, 277, 2 L.Ed. 608 (1808).

"In any action ... *other than an action to foreclose a mortgage,* to recover a judgment for any indebtedness secured by a mortgage on real property and which originated simultaneously with such mortgage and which is secured solely by such mortgage, against any person or corporation directly or indirectly or contingently liable therefor, any party against whom a money judgment is demanded, shall be entitled to setoff the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and encumbrances. . . ." (emphasis added)

 Neither party cites any cases construing the pertinent part of the statute involved nor has our research revealed any. It is clear that Wheatley is entitled to a setoff. The clear language of section 686 requires a determination of the "fair and reasonable market value of the mortgaged property." Jurisdiction over the subject property is not required to make a determination of the value of the property. Thus, the Oklahoma court can determine the fair market value of property in Alabama without infringing on the jurisdiction of its sister state.

Actions brought pursuant to this part of section 686 are actions on the debt and not in rem proceedings. The action brought against Wheatley in Oklahoma was an action on the note, not a foreclosure proceeding.

The final question then for the court is whether there was a substantial controversy as to the fair and reasonable market value of the Alabama property. It appears that the trial judge accepted the sale price of the property as conclusive of its fair and reasonable market value.[6] Wheatley's deposition contained his opinion that the value of the property was greater than that realized at the sale.[7] A substantial controversy exists as to the fair and reasonable market value of the property.

Bank does not cite, nor does our research reveal, any authority that the value of the property realized at the forced sale in Alabama automatically establishes the fair and reasonable market value for this debt action in Oklahoma.

The order sustaining motion for summary judgment is sustained as to determination of liability. Reversed and remanded for an evidentiary hearing as to the fair and reasonable market value of subject property to be utilized as a setoff.

BACON, P.J., and BOYDSTON, J., concur.

---

6. Foreclosure Deed, Exhibit "C" to Motion for Summary Judgment.

7. Exhibit "B" to Motion for Summary Judgment.