Robert STEPHENS, by Next Friend, Vertie STEPHENS, and Ida Nelson, Plaintiffs-Appellants,

v.

BOWIE COUNTY, TEXAS, Defendant-Appellee.

No. 83–2215
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1984.

Julian, Daniel & Villarreal, Elizabeth K. Julian, Michael M. Daniel, Dallas, Tex., for plaintiffs-appellants.

Raffaelli & Hawkins, John D. Raffaelli, Texarkana, Tex., for defendant-appellee.

Bickerstaff, Heath & Smiley, Steve Bickerstaff, Ann Clarke Snell, Austin, Tex., amicus curiae for Texas Ass'n of Counties.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiffs Robert Stephens, by his next friend, Vertie Stephens, and Ida Nelson brought this 42 U.S.C. § 1983 action against Bowie County, Texas, on behalf of themselves and a proposed class of all indigent residents of the county. Plaintiffs alleged that they were denied due process of law by the county's failure to establish objective criteria for the provision of medical care under Tex.Rev.Civ.Stat.Ann. art. 2351, § 11 (Vernon 1971). After certifying the proposed class, the district court dismissed the action without prejudice on the basis of the *Pullman* abstention doctrine. We affirm.

Plaintiff Robert Stephens is an indigent resident of Bowie County who suffers from schizophrenia. Because he owes outstanding bills to health care providers in the county, Stephens is unable to obtain the medication that will control his condition so that he will not have to be placed in a state hospital. Ida Nelson is also an indigent resident of Bowie County. Because she owes outstanding bills to local health care providers, several health care providers have refused to treat her or her children. Stephens and Nelson applied to the county for assistance in paying their medical bills. They were refused.

Tex.Rev.Civ.Stat.Ann. art. 2351, § 11, provides: "Each commissioners court shall: .... Provide for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents of their county, who are unable to support themselves." As alleged in plaintiffs' complaint, the county has developed no written standards to determine eligibility for county medical assistance, provides no procedure for a hearing to protest the denial of county assistance, and has never notified indigent residents of their eligibility for assistance.

*Pullman* abstention is a judicially-created doctrine which postpones the exercise of federal jurisdiction in order to clarify ambiguous state law issues when resolution of such issues might eliminate or substantially modify a federal constitutional question. *Brooks v. Walker County Hospital District,* 688 F.2d 334, 336 (5th Cir.1982); *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In order to apply the abstention doctrine, the district court must be convinced that at least one of three factors is present:

(1) Whether the disposition of a question of state law involved in the case can eliminate or narrow the scope of the federal constitutional issue;

(2) Whether the state law question presents difficult, obscure or unclear issues of state law; or

(3) Whether a federal decision could later conflict with subsequent state court resolutions concerning the same regulatory program or scheme, thus engendering more confusion.

*High Ol' Times, Inc. v. Busbee,* 621 F.2d 135, 139 (5th Cir.1980).

The district court properly invoked the abstention doctrine because it is unclear whether article 2351, § 11, alone, can be the basis for a finding of a constitutionally cognizable property interest. The language of the statute is broad and has been construed only twice by the Texas courts, once holding that the support obligation includes "proper care, attention, and treatment during sickness," *Monghon and Sisson v. Van Zandt County,* 3 Tex.Civ.Cas. 240 (Ct.App.1886), and later stating that one who dies without estate sufficient to defray the cost of medical services rendered is not *per se* a pauper within the statute. *Willacy County v. Valley Baptist Hospital,* 29 S.W.2d 456, 457 (Tex.Civ.App.1930). What services a coun-

ty is to provide and whether it must provide them at no cost or at a reduced rate remains unsettled. Moreover, there is no authoritative statement from the state courts or legislature defining who may qualify as a pauper. Thus, the second *Pullman* factor is present: the scope and extent of the entitlement of resident indigents to medical care remains uncertain. *Cf. Johnston v. Shaw,* 556 F.Supp. 406, 412 (N.D.Tex.1982) (no ambiguity of state law where county has set forth definite standards for eligibility for assistance under article 2351, § 11).

Plaintiffs contend that although the scope of article 2351, § 11, remains undefined under state law, the court need only rule that the statute creates *some* entitlement in order to hold that the plaintiffs have a right to *some* process. The same argument was made to this Court in an analogous case, *Brooks v. Walker County Hospital District,* 688 F.2d 334 (5th Cir. 1982). The plaintiffs in *Brooks* brought a § 1983 action alleging that they had been denied without due process an entitlement to medical services established by the Texas Constitution. We approved the district court's invocation of the *Pullman* doctrine because, even assuming that the state law does create some constitutionally cognizable property interest, it would be necessary to analyze the nature of that entitlement, as well as the governmental and private interests affected, in order to determine what type of process is due. *Brooks,* 688 F.2d at 338. The same reasoning applies in the instant case. It is well settled that *Pullman* abstention may be appropriate where an interpretation of the scope of the entitlement may have a considerable impact on the posture and resolution of the federal issues. *Id.* Although clarification of the scope of article 2351, § 11, by the Texas courts might not eliminate the federal constitutional issue, it would certainly narrow the constitutional question. Thus, the first *Pullman* factor is present.

Moreover, because article 2351, § 11, is part of an integrated scheme of related provisions dealing with medical services for the needy, and the entire scheme calls for clarifying interpretation by the state courts, abstention is especially appropriate.

*Brooks,* 688 F.2d at 337 (citing *Harris County Commissioners Court v. Moore,* 420 U.S. 77, 84–85 n. 8, 95 S.Ct. 870, 875–876 n. 8, 43 L.Ed.2d 32 (1977)); *see* Tex.Rev.Civ.Stat. Ann. art. 4438 (Vernon 1971); Tex. Const. art. IX, sec. 9.

Finally, as in *Brooks,* strong policy considerations militate in favor of abstention. The medical assistance to be provided paupers by counties is a question of considerable local importance which may have a significant financial impact on the state and its indigent inhabitants. In these circumstances, the better course "is to allow the Texas courts the first opportunity to address the difficult question of state health care laws raised by the plaintiffs suits." *Brooks,* 688 F.2d at 338.

Having determined that abstention was appropriate, the district court correctly dismissed the suit without prejudice. Because the Supreme Court of Texas has held that it cannot grant declaratory relief as long as a federal court maintains the case on its docket, *United Services Life Insurance Co. v. Delaney,* 396 S.W.2d 855 (Tex. 1965), the only way to ensure the sequence of events contemplated by the abstention doctrine is to dismiss the case. *Ibarra v. Bexar County Hospital District,* 624 F.2d 44, 47 (5th Cir.1980).

AFFIRMED.