**SIGNAD, INC., Plaintiff-Appellant,**

v.

**CITY OF SUGAR LAND and Walter Wolf, Defendants-Appellees.**

No. 84–2515
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1985.

Rehearing Denied April 10, 1985.

Ryan & Shoss, Richard L. Rothfelder, William Van Fleet, Houston, Tex., for plaintiff-appellant.

DeLange, Hudspeth, Pitman & Katz, Charles E. Fitch, Ben A. Baring, Jr., Houston, Tex., for defendants-appellees.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

On this appeal we review the trial court's dismissal on abstention grounds of a suit brought under 42 U.S.C. § 1983 (1982). Holding that the trial court's dismissal without prejudice was an abuse of discretion, we reverse and remand to the district court so that appellant may present its federal claims for complete resolution before a federal court.

## Background

The City of Sugar Land filed suit in state court against Signad, Inc., seeking to permanently enjoin the latter's use of a billboard allegedly not conforming with a city ordinance. Before seeking this injunctive relief, however, the City had confiscated the billboard.

About one month after the state action was begun, Signad filed suit in federal district court pursuant to 42 U.S.C. § 1983 (1982), asserting claims of conversion and taking without just compensation. The trial court dismissed without prejudice Signad's suit in an order with no accompanying memorandum, apparently basing its order on grounds of abstention.

## Discussion

■ This case presents us with a question of what is known as the "fourth type" of abstention, in which a federal court must decide whether to exercise jurisdiction when there are parallel state court proceedings. See 17 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4247 (1978 & Supp.1984). Although the doctrine is given the name abstention, in practice the federal courts in this context are anything but abstentious. When parallel state and federal litigation exists, the federal court's "balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765, 780 (1983).

The Supreme Court first recognized this fourth type of abstention in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In that case, the Court expressed the view that, while a federal court generally may not decline to exercise its jurisdiction because of parallel state litigation, exceptional circumstances may exist to warrant abstention. *Id.* at 819, 96 S.Ct. at 1246, 47 L.Ed.2d at 499. It has refined the doctrine most recently in *Moses*, 460 U.S. at 15–27, 103 S.Ct. at 937–43, 74 L.Ed.2d at 779–87. In that case, the Court stated:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete resolution of the issues between the parties. If there is any substantial doubt as to this, it would

be a serious abuse of discretion to grant the stay or dismissal at all. 460 U.S. at 28, 103 S.Ct. at 943, 74 L.Ed.2d at 787. We see no exceptional circumstance that should require Signad to litigate its claim in the state court proceeding.

■ Of course, the *Pullman*[1]-type abstention is commonplace with section 1983 claims. *See, e.g., Stephens v. Bowie County*, 724 F.2d 434 (5th Cir.1984); *Brooks v. Walker County Hospital District*, 688 F.2d 334 (5th Cir.1982), *cert. denied*, 462 U.S. 1105, 103 S.Ct. 2452, 77 L.Ed.2d 1332 (1983); *Ibarra v. Bexar County Hospital District*, 624 F.2d 44 (5th Cir.1980). We find no decision by this court in which a *Colorado River* abstention was considered in the context of section 1983. We must agree with the Ninth Circuit's statement that the "unflagging obligation"[2] of the federal courts to exercise the jurisdiction given them "is particularly weighty when those seeking a hearing in federal court are asserting ... their right to relief under 42 U.S.C. § 1983." *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir.1980); *see Canton v. Spokane School District No. 81*, 498 F.2d 840, 845–46 (9th Cir.1974).

■ In *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47, 47 L.Ed.2d at 498–99, the Court identified three factors to be considered in assessing the appropriateness of abstention in *in personam* cases: (a) the inconvenience of the federal forum; (b) the desirability of avoiding piecemeal litigation; and (c) the order in which jurisdiction was obtained by the concurrent forums. None of these factors militates against the exercise of jurisdiction in this case. As to the first factor, Signad argues that Houston, the situs of the federal litigation, and Richmond, of the state claim, are equidistant from Sugar Land, where the dispute arose. In rebuttal, the City points out that Sugar Land is 18 miles from Houston and 9.5 miles from Richmond. We reaffirm the memorable adage, *de minimis non curat lex*.

On the issue of piecemeal litigation, we adopt the Ninth Circuit's view that "piecemeal litigation and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures." *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (1980).

Finally, with regard to the question of priority in the concurrent forums, we take cognizance of the Supreme Court's recent teaching that this element "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 21, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983). It is undisputed that discovery was at a more advanced stage in the federal than in the state litigation.

Application of the test enunciated in *Colorado River*, then, leads us to conclude that abstention was improper here. Our decision is all the more compelling inasmuch as this is a section 1983 claim in which *Colorado River* abstention is urged; and we see none of the exceptional circumstances[3] justifying abstention.

REVERSED AND REMANDED.

---

1. *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

2. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

3. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246, 47 L.Ed.2d at 498; *cf. Kruse v. Snowshoe Co.*, 715 F.2d 120, 123–24 (4th Cir.1983) (no exceptional circumstances justifying *Colorado River* abstention in non-§ 1983 case), *cert. denied*, —— U.S. ——, 104 S.Ct. 1413, 79 L.Ed.2d 739 (1984).