730 F.Supp. 767 (1990)
Douglas C. GOERNER, Plaintiff,
v.
Frank BARNES, Durant Bank & Trust Co., an Oklahoma corporation, and Federal Land Bank of Wichita, a Kansas corporation, Defendants.
Civ. A. No. H-89-2783.
United States District Court, S.D. Texas, Houston Division.
February 12, 1990.
Michael L. Durham, Houston, Tex., for plaintiff.
Gregg M. Rosenberg, Houston, Tex., for Frank Barnes.
Hugh E. Tanner and Tom Wicker, Jr., Fulbright & Jaworski, Houston, Tex., for Durant Bank & Trust Co.
Barnet B. Skelton, Jr., Skelton & Skelton, Houston, Tex., for Federal Land Bank of Wichita, Kan.

ORDER
HITTNER, District Judge.
Pending before this Court is a motion to dismiss or, in the alternative, to transfer venue (Document # 5) filed by defendant Durant Bank & Trust Co. ("Durant"). After having considered the motion, the submissions of the parties, and the applicable law, this Court determines that it should abstain from hearing this action.
Plaintiff Douglas C. Goerner ("Goerner") filed the instant suit in this Court on August 18, 1989. Goerner claims that Durant and Barnes engaged in, among other things, breach of statutory and commonlaw duties of good faith and fair dealing, negligent misrepresentation, fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. §§ 1961-1968 (West 1984 & Supp. 1989), in connection with real estate and financing transactions.[1] However, on August 26, 1987, Durant filed an action *768 against Goerner, among others, in the District Court of Bryan County, Oklahoma. In that action, Durant seeks foreclosure and a deficiency judgment on a promissory note and a related mortgage executed by a partnership of which Goerner was a member. Goerner has filed a cross-petition in the Oklahoma suit that raises affirmative claims against Durant for, among other things, fraud and breach of a duty of good faith. Even though the instant suit involves some different causes of action, Durant and Goerner agree that the Texas and Oklahoma actions implicate essentially the same subject matter: the liabilities of the parties resulting from the real estate and financing transactions underlying a failed cattle operation.
Durant now requests that this Court dismiss or transfer the instant suit. In opposing this request, Goerner maintains that this Court holds both subject matter jurisdiction and proper venue for his claims against Durant.
This Court need only reach the abstention issue pressed by Durant. As Goerner points out, "[g]enerally, as between state and federal courts, the rule is that `the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910)). However, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration ..., though exceptional, do nevertheless exist." Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246.
In deciding whether to abstain from hearing a case due to the pendency of a similar state court action, a federal district court may consider the following factors: (1) the avoidance of exercises of jurisdiction over particular property by more than one court, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) the applicability of federal or state law to the merits of the claims at issue, and (6) the adequacy of the state court proceedings to protect the rights of the party that invoked the federal court's jurisdiction. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 15-16, 23, 103 S.Ct. 927, 936-37, 941, 74 L.Ed.2d 765 (1983); Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246; Evanston Insurance Co. v. Jimco, Inc., 844 F.2d 1185, 1190 (5th Cir.1988).
When a court considers whether to exercise Colorado River-type abstention, it should "take[] into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." Colorado River, 424 U.S. at 818-19, 96 S.Ct. at 1246-47; see Moses H. Cone, 460 U.S. at 15-16, 103 S.Ct. at 936-37. As applied here, all six factors under Colorado River and Mose H. Cone indicate that this Court should decline to hear the instant suit.
This case brings into play the concerns underlying the first factor. If this Court declines to abstain from hearing this action, it may force Durant to add to this suit, as counterclaims under Fed.R.Civ.P. 13(a), some or all of its affirmative claims in the Oklahoma court. The judicial foreclosure that Durant seeks in part in the Oklahoma state court is an in rem proceeding. See, e.g., Epperson v. Halliburton Co., 434 P.2d 877, 880 (Okla.1967); Eufaula Bank & Trust Co. v. Wheatley, 663 P.2d 393, 394 (Okla.Ct.App.1983). If Durant were to attempt to add counterclaims regarding the property or deficiency on the promissory note at issue, its efforts would tend to accomplish, directly or indirectly, precisely what the Colorado River Court sought to avoid: the exercise of in rem jurisdiction over particular property by more than one court. See Colorado River, 424 U.S. at 818-19, 96 S.Ct. at 1246-47 (citing Donovan v. City of Dallas, 377 U.S. 408, 412, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964); Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939); United States v. Bank of *769 New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331 (1936)); cf. Moses H. Cone, 460 U.S. at 19, 103 S.Ct. at 938 (noting recognition by all parties that the case did not implicate the jurisdiction of the state or federal court over any res or property).
The second Colorado River factor "primarily involves the physical proximity of the federal forum to the evidence and witnesses." Evanston Insurance Co., 844 F.2d at 1191. Even considered in the light most favorable to Goerner, the only relation of this district to the underlying dispute lies in Goerner's local receipt of correspondence and phone calls concerning the transactions at issue. The contracts at issue were executed in Bryan County. Durant has its operations and documents related to this dispute in Bryan County, and Barnes resides there. Because of Durant and Barnes' location, the vast majority of documents relevant to any RICO inquiry by Goerner are likely to rest in Bryan County. The public records concerning the property on which the failed cattle operation was rooted, as well as the property itself, are in Bryan County. The overwhelming amount of documentary and testimonial evidence has close physical proximity not to this Court, which is situated approximately 350 miles from Bryan County, but to the Oklahoma state court. See Colorado River, 424 U.S. at 820, 96 S.Ct. at 1247 (finding significant a 300-mile distance between the state and federal courts at issue); cf. Signad, Inc. v. City of Sugar Land, 753 F.2d 1338, 1340 (5th Cir.) (noting, in reversing exercise of abstention by a district court, that the federal court and state court at issue "are equidistant from ... where the dispute arose"), cert. denied, 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985).
The Court also ascertains under the third Colorado River factor the danger of piecemeal and inconsistent adjudication between the instant suit and the Oklahoma action. As this litigation now stands, Goerner could conceivably proceed to trial on his cross-petition claims in the Oklahoma action, and then press in this action any additional claims that will not be collaterally estopped. It would much better serve "wise judicial administration" to have Goerner join all of his affirmative claims for relief against Durant and Barnes in one action  the Oklahoma action that will also determine Durant's claims, based on the same transactions. See Brillhart v. Excess Insurance Co., 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942), cited by Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246; cf. Moses H. Cone, 460 U.S. at 20, 103 S.Ct. at 939 (finding an absence of danger of piecemeal litigation because "relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement"). When, as here, the claims asserted in both the federal and state actions are roughly parallel, the federal court entertaining the second-filed suit may consider the promotion of judicial efficiency in deciding whether to abstain. See, RepublicBank Dallas v. McIntosh, 828 F.2d 1120, 1121 (5th Cir.1987) (noting, albeit in reversing exercise of Colorado River abstention, that "there need not be applied in every instance a mincing insistence on precise identity" of parties and issues).
The fourth Colorado River factor likewise militates strongly in favor of abstention. The Oklahoma state court obtained jurisdiction of the related case almost two years prior to Goerner's institution of this suit. That the Oklahoma court retained jurisdiction of its suit so far in advance of Goerner's filing of the instant, related suit merits this Court's consideration. "The rule is that where the same matter is brought before courts of concurrent jurisdiction, the one first obtaining jurisdiction will retain it until the controversy is determined, to the entire exclusion of the other. ..." Pacific Live Stock Co. v. Lewis, 241 U.S. 440, 447, 36 S.Ct. 637, 640, 60 L.Ed. 1084 (1916), cited by Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246. Furthermore, the length of the period between the filings of the state court and federal court suits indicates that Durant did not "jump the gun" on a foreseeable federal suit by Goerner. Cf. Moses H. Cone, 460 U.S. at 21, 103 S.Ct. at 939 (finding that the party filing the federal action had had "no reasonable opportunity" to file its suit prior to *770 the filing of the state court suit). Indeed, the similarity of Goerner's claims in the two actions indicates that Goerner's federal court suit has the "vexatious or reactive nature" which helps to justify abstention. See Moses H. Cone, 460 U.S. at 17 n. 20, 103 S.Ct. at 937 n. 20; Allen v. Louisiana State Board of Dentistry, 835 F.2d 100, 105 (5th Cir.1988).
The Colorado River Court indicated that a federal court could also consider, as part of the fourth-factor inquiry, the absence of progress in the federal court litigation. Colorado River, 424 U.S. at 820, 96 S.Ct. at 1247; Moses H. Cone, 460 U.S. at 21-22, 103 S.Ct. at 939-40. This Court notes that while the Oklahoma case is currently awaiting jury trial, the instant suit has not passed the stage of rule 12 motions. Durant has not taken any action before this Court other than to file the instant motion and related briefs, and Barnes has merely filed an answer. After filing his complaint, Goerner has not taken any action before this Court, other than to respond to Durant's rule 12 motion. In light of the maturity of the Oklahoma litigation, the relative infancy of the instant suit weighs in favor of abstention. In applying the Colorado River/Moses H. Cone factors, a Fifth Circuit panel noted that "[t]he record discloses that there has been extensive discovery in state court that would only have been duplicated in federal court had the district court not abstained. In the meantime the federal suit had not moved beyond the filing of amended and supplemental complaints." Allen, 835 F.2d at 104; see also Colorado River, 424 U.S. at 820, 96 S.Ct. at 1247 (noting "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss"). The instant case presents similar circumstances.
In considering the inconvenience of the federal forum, a court applying the Colorado River factors may also take into account a fifth factor: the presence of issues governed by state law. See Moses H. Cone, 460 U.S. at 23, 103 S.Ct. at 941; Will v. Calvert Fire Insurance Co., 437 U.S. 655, 667, 98 S.Ct. 2552, 2559, 57 L.Ed.2d 504 (1978) (Blackmun, J., concurring in the judgment); id. at 673-74, 98 S.Ct. at 2562-63 (Brennan, J., dissenting); Colorado River, 424 U.S. at 820, 96 S.Ct. at 1247. In his response to Durant's motion to dismiss, Goerner does not dispute that Oklahoma law governs the lion's share of the claims of the parties to both suits and that the transactions at issue took place, and governed property in, the county in which the Oklahoma state court sits. See Brief of Plaintiff in Opposition to Motion of Durant Bank & Trust Co. to Dismiss, or, in the Alternative, to Transfer Venue at 7-9 [hereinafter Plaintiff's Response].
When considered together with the absence of a strong federal policy in favor of a federal court's retention of a case, the predominance of state-law issues weighs in favor of abstention. Cf. Moses H. Cone, 460 U.S. at 24-25, 103 S.Ct. at 941 (noting the presence of issues implicating "the federal policy favoring arbitration"). The mere presence of a federal-law claim in a case, such as Goerner's RICO count, does not require a federal court to refrain from exercising Colorado River abstention. See Calvert, 437 U.S. at 667, 98 S.Ct. at 2559 (Blackmun, J., concurring in the judgment) (noting the presence of federal-law issues in Colorado River); id. at 673-74, 98 S.Ct. at 2562-63 (Brennan, J., dissenting) (same). By analogy, in determining the convenience of a forum in a diversity case, a court may take into consideration that "[t]here is an appropriateness ... in having the trial of a diversity case in a forum that is at home with the state law that must govern the case." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), cited by Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246.
Furthermore, in light of recent United States Supreme Court precedent, this Court's status as an inconvenient forum for the claims raised in both suits is not ameliorated by Goerner's invocation of a RICO remedy. State courts exercise jurisdiction over RICO actions concurrently with federal courts. Tafflin v. Levitt, ___ U.S. ___, ___, 110 S.Ct. 792, 796-799, 107 L.Ed.2d 887 (1990). In Moses H. Cone, the Supreme Court indicated that the source-oflaw *771 factor militates less in favor of the retention of a federal court suit if federal and state courts hold concurrent jurisdiction on the subject matter at issue. See Moses H. Cone, 460 U.S. at 25, 103 S.Ct. at 941; cf. Arizona v. San Carlos Apache Tribe, 463 U.S. 545, 560, 103 S.Ct. 3201, 3210, 77 L.Ed.2d 837 (1983) ("[A] dismissal of stay of the federal suits would have been improper if there was no jurisdiction in the concurrent state actions to adjudicate the claims at issue in the federal suits." (emphasis added)).
The sixth element of the Colorado River/Moses H. Cone inquiry "can only be a neutral factor or one that weighs against, not for, abstention." Evanston Insurance Co., 844 F.2d at 1193. As applied to this case, the sixth factor provides no added weight in favor of this Court's retaining jurisdiction. Goerner has not shown that he would be unable to pursue the remedies that he seeks in this Court in the Oklahoma court proceeding. Indeed, in arguing against dismissal, Goerner's only contention relevant to the sixth factor is that RICO jurisdiction is exclusively federal. See Plaintiff's Response, supra, at 6-7. In light of Tafflin, which would allow Goerner to seek a RICO remedy in the Oklahoma state court, this Court does not consider the Oklahoma proceeding inadequate to protect Goerner's rights. Cf. Moses H. Cone, 460 U.S. at 26-27, 103 S.Ct. at 942 (finding a potential inadequacy in the concurrent state court proceedings).
Based on its application of the six factors enunciated in Colorado River and Moses H. Cone, this Court determines that this case presents those "rare" circumstances, Calvert, 437 U.S. at 673, 98 S.Ct. at 2562, that warrant dismissal due to the pendency of a related state court action.
Based on the foregoing, the Court
ORDERS that this action is hereby DISMISSED with prejudice, as against all remaining defendants, pursuant to Fed.R. Civ.P. 12(b)(6).
NOTES
[1] The Court dismissed the other named defendant, Federal Land Bank of Wichita, in an order entered October 20, 1989.